Jerry Alan CABELL, Appellant,

v.

STATE of Indiana, Appellee.

No. 1279S357.

Supreme Court of Indiana.

Dec. 30, 1980.

Harriette Bailey Conn, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Cindy A. Ellis, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Second Degree Murder and was sentenced to an indeterminate term of not less than fifteen (15) years nor more than twenty-five (25) years imprisonment. His conviction was affirmed in *Cabell v. State*, (1978) Ind., 372 N.E.2d 1176. Thereafter, appellant sought post–conviction relief pursuant to Indiana Rules of Procedure for Post Conviction Remedies, Rule PC 1. His petition for relief was denied. Appellant raises two issues in this appeal. Given our dispo-sition of the first issue presented, we decline to treat the second and remand with instructions.

The appellant first claims error in the court's failure to make specific findings of facts and conclusions of law. Although a docket entry was made showing the petition being denied and ordering the State to tender proposed findings of fact and conclusions of law, no findings or conclusions were actually entered. PC 1, Sec. 6, reads in pertinent part:

> Section 6. Judgment. The court *shall* make specific findings of fact, and conclusions of law on all issues presented, whether or not a hearing is held. . . . This order is a final judgment. (emphasis ours)

The State argues that failure to comply with PC 1, Sec. 6, does not constitute error if no harm to the petitioner is demonstrated in a review of the record as a whole, citing *Henry v. State*, (1976) 253 Ind. 264, 353 N.E.2d 482, *Davis v. State*, (1975) 263 Ind. 327, 330 N.E.2d 738. However, in both *Henry, supra*, and *Davis, supra*, the trial court had entered findings of fact which were attacked for lack of specificity. In *Beard v. State*, (1978) Ind.App., 375 N.E.2d 270 at 271, the Court of Appeals stated in reference to PC 1, Sec. 6:

> "This rule imposes a mandatory duty; the trial court must make specific findings of fact and conclusions of law on all issues presented in the petition for post–conviction relief. *Love v. State*, (1971) 257 Ind. 57, 272 N.E.2d 456; *King v. State*, (1974) Ind.App., 314 N.E.2d 805."

In the total absence of findings or conclusions, we remand this case to the trial court with instructions to do so pursuant to PC 1, Sec. 6.

GIVAN, C. J., and All Justices concur.