Martin PETERSEN, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 4–982A291.

Court of Appeals of Indiana,
Fourth District.

June 22, 1983.

Susan K. Carpenter, Public Defender of Indiana, Ihor N. Boyko, Sp. Asst., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Amy Schaffer. Good, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Presiding Judge.

Defendant-appellant Martin Petersen pleaded guilty to Possession of a Schedule I Controlled Substance, a Class D felony. On March 31, 1982, Petersen petitioned the Porter Superior Court for post-conviction relief under Ind.Rules of Procedure, Post-Conviction Rule 1. On appeal, Petersen challenges the denial of his petition, contending his guilty plea was not knowingly and voluntarily made. Because we reverse on this issue, we need not reach Petersen's additional allegations of error.

Petersen's guilty plea was entered pursuant to a plea recommendation accepted by the court. The record reflects the court advised him as to the minimum and maximum penalties for a Class D felony. Petersen argues he was not fully advised of the minimum and maximum penalties for Possession of a Schedule I Controlled Substance, as was required by Ind.Code 35–4.1–1–3(d). In support of this allegation, he recites the sentencing statute for Class D felonies, which grants the court discretion to treat such a conviction as a Class A misdemeanor. In denying relief, the court made the following findings of fact and conclusions of law that Petersen now challenges on appeal:

### FINDINGS OF FACT

That, because the terms of the Recommendation of Plea Negotiation of July 2, 1981, once accepted by the trial court, were binding upon the trial court, the trial court properly complied with the provisions of IC S35–4.1–1–3 [sic] and thus, Petitioner was duly advised of the minimum and maximum sentences to which he was subjecting himself at the time of the sentencing hearing by virtue of his participation in the Recommendation of Plea Negotiation.

### CONCLUSIONS OF LAW

Petitioner's plea of guilty did comply with the mandatory requirements of IC 35–4.1–1–3.

*Ricketts v. State* (1981), Ind.App., 429 N.E.2d 289 is inapplicable to the instant fact situation inasmuch as Petitioner voluntarily partook of the terms of a Recom-

mendation of Plea Negotiation whereby he specifically pled guilty to a Class D Felony and whereby the trial court had no discretion, once the Recommendation of Plea Negotiation was accepted, to modify, alter, amend, or otherwise change that to which petitioner pled guilty including, but not necessarily limited to, setting aside a conviction for Class D Felony and inserting in its stead a conviction for Class A Misdemeanor as the same might otherwise be normally available pursuant to the terms of ICS35–50–2–7(b) [sic].

That in said Recommendation of Plea Negotiation the 'parties [sic] agreement as to sentencing' was a three (3) yeardeterminate [sic] sentence to be served consevutively [sic] with Petitioner's previously mentioned and previously imposed sentence for a felony.

When Ind.Code 35–4.1–1–3 was in effect, courts were obligated to comply strictly with its requirements. *Turman v. State,* (1979) 271 Ind. 332, 392 N.E.2d 483. The court incorrectly found *Ricketts v. State, supra,* inapplicable, as the statutory provisions were mandatory regardless of whether a plea agreement was involved. *German v. State,* (1981) Ind., 428 N.E.2d 234. As Judge Garrard stated:

> [T]here is practical value in assuring that an accused is aware of both the maximum and minimum sentences for an offense to which he is contemplating a plea of guilty. Even where he has agreed to a proposed plea bargain which contains an agreed sentence he is entitled to know the minimum potential sentence for the offense if he is to intelligently and voluntarily agree to the proffered plea bargain. It is thus significant that the judge assure himself that the accused is aware of what he is agreeing to and that the record clearly reflects that there could have been no legitimate misunderstanding. Rights are not only thereby protected, but needless appeals are averted.

(footnote omitted) *McKinney v. State,* (1982) Ind.App., 442 N.E.2d 727, 727.

In addition, the trial court's reliance on *State ex rel. Goldsmith v. Marion County,* (1981) Ind., 419 N.E.2d 109, was misplaced. The fact that a trial court may not alter or amend an accepted plea recommendation does not conflict with the court's obligation to insure a guilty plea is knowingly and voluntarily made. Before accepting the agreement, it was the court's duty to make sure Petersen understood what he would forfeit by agreeing to plead guilty. We will not assume Petersen would have submitted his guilty plea if the court had informed him it had discretion to treat the offense as a Class A misdemeanor.

As the court failed to advise Petersen as was required by statute, his plea of guilty must be vacated. *Ricketts v. State, supra.*

The trial court's judgment is reversed and the cause is remanded with instructions to vacate the guilty plea, reinstate Petersen's plea of not guilty and set the matter for trial.

MILLER and CONOVER, JJ., concur.