Robert PAYTON, Appellant (Petitioner Below),

v.

STATE of Indiana, Appellee (Respondent Below).

No. 4–1282A363.

Court of Appeals of Indiana, Fourth District.

June 28, 1983.

Susan K. Carpenter, Public Defender, Joseph Oddo, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

## MEMORANDUM DECISION

CONOVER, Judge.

Robert Payton (Payton) appeals a decision of the Allen Circuit Court, denying Payton's petition for post-conviction relief which alleged Payton's guilty pleas were entered involuntarily, unintelligently, and unknowingly.

We reverse.

ISSUE

Did the trial court err when it denied Payton's motion to withdraw his guilty pleas after the court failed to inform Payton of the minimum possible sentences for the crimes charged?

FACTS

On May 11, 1981, pursuant to a plea agreement, Payton pled guilty to robbery and theft. The parties agreed the court failed to inform Payton of the minimum possible sentences which could result from a trial, although the trial court informed Payton of all other required information before accepting the pleas.

At sentencing on June 8, 1981, Payton moved to withdraw his guilty pleas. The trial court denied the motion and sentenced Payton. Payton filed a Petition for Post-Conviction Relief which the trial court denied. Payton appeals.

DISCUSSION AND DECISION

Payton argues the trial court erred by denying his Petition for Post-Conviction Relief because the court failed to inform Payton of the minimum possible sentences which could result from trial. Ind.Code 35–4.1–1–3(d) (Burns Code Ed., 1979) requires the trial court to inform the defendant of the minimum possible sentence which could be imposed.[1] Payton concludes the trial court's failure resulted in entry of a plea which was not knowingly and intelligently made, thereby requiring post-conviction relief under Ind.Rules of Procedure, Post-Conviction Rule 1, Section 1(a).

The State makes two arguments: first, when the trial court accepted the plea, the court did not personally need to question Payton about all of his statutory rights because the record as a whole showed Payton knew the possible penalties; second, Payton failed to show actual prejudice.

Payton must prove by a preponderance of the evidence that he is entitled to relief. *Turman v. State,* (1979) Ind., 392 N.E.2d 483, 487; P.C.R. 1, § 5. Our supreme court also has demanded strict compliance with IC 35–4.1–1–3 to assure defendants who enter guilty pleas do so knowingly and intelligently. *Davis v. State,* (1983) Ind., 446 N.E.2d 1317, 1321; *Turman,* 392 N.E.2d at 488. We have stated, "if the record of the guilty plea hearing does not *affirmatively* disclose advisement of a right enumerated in IC 35–4.1–1–3, the petitioner has satisfied his burden since a knowing, intelligent and voluntary entry of a guilty plea cannot be presumed from a silent record." (Emphasis added.) *Brown v. State,* (1982) Ind.App., 435 N.E.2d 582, 583.

Both parties agree the court did not *affirmatively* disclose the minimum pos-

---

1. This statute has been recodified as IC 35–35–1–2.

sible sentence for either crime charged against Payton. The State argues statutory compliance is demonstrated by Payton's testimony his attorney advised him of the consequences of being found guilty. However, IC 35–4.1–1–3 specifically states

> The court *shall not accept* a plea of guilty ... *without first addressing the defendant* and ... (d) *informing him* of the ... *minimum sentence* of the offense charged ...; (emphasis supplied).

Advice by an attorney is not an effective substitute for the statutory duty imposed upon the trial court in this regard. It is required to determine whether the defendant is knowingly, intelligently, and voluntarily entering such plea. The statute charts a precise course through these legal shoal waters. There are no alternative routes. Failure to follow the statute in precise detail is fundamental error. *Brown, supra,* 435 N.E.2d at 583–584. Examining the whole record, we cannot say the trial court complied with the statute.

 The State further argues even though the trial court may have omitted informing him of the minimum possible sentence, Payton has failed to show how he was prejudiced.[2] For Payton intelligently to evaluate the plea bargain he must be aware of the minimum sentences. Payton waived constitutional rights when he entered his guilty plea. Waiver of any constitutional right must be knowing and intelligent. *Davis,* 446 N.E.2d at 1321. The harm comes when the requirement of intelligent waiver of rights is violated.[3] Even where a defendant has agreed to a proposed plea bargain which contains an agreed sentence, "he is entitled to know the minimum potential sentence for the offense if he is to intelligently and voluntarily agree to the proffered plea bargain." *McKinney v. State,* (1982) Ind.App., 442 N.E.2d 727.

The requirements of IC 35–4.1–1–3 "must be complied with." *Collins v. State,* (1979) Ind.App., 394 N.E.2d 211, 213. The trial court's failure to advise Payton of minimum sentences requires reversal.

Reversed and remanded for further proceedings consistent with this opinion.

YOUNG, P.J., and MILLER, J., concur.

---

2. The State cites *James v. State,* (1982) Ind., 433 N.E.2d 1188, 1190 and *Leonard v. State,* (1968) 249 Ind. 361, 232 N.E.2d 882, 887 to support its position on the prejudice issue. Neither of those cases involves IC 35–4.1–1–3. Further, *James* deals with IC 35–4.1–1–4, which requires the trial court to *determine* voluntariness and absence of coercion, not to *in-*

*form* the defendant of all the consequences of his plea.

3. "It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969).