Dotsie W. AUSTIN, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 183S15.

Supreme Court of Indiana.

Aug. 9, 1984.

Susan K. Carpenter, Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., William E. Daily, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

The Petitioner (Appellant) pled guilty, pursuant to two separate plea bargain agreements, to Rape, a class B felony, Ind. Code § 35–42–4–1 (Burns 1979) and Voluntary Manslaughter, a class B felony, Ind. Code § 35–42–1–3 (Burns 1979). He was sentenced to two concurrent fifteen (15) year terms of imprisonment. On appeal from the denial of post conviction relief, Petitioner contends that his guilty plea was not knowingly, intelligently, and voluntarily given in that he was not informed of the minimum possible sentences for the offenses to which he pled guilty.

On October 26, 1978, Petitioner was charged in two counts with Rape, a class A felony, and Confinement, a class B felony. On June 22, 1979, he pled guilty to Rape, a

class B felony, pursuant to a written plea agreement. On July 10, 1979, the court accepted the guilty plea and sentenced him to fifteen (15) years imprisonment.

On September 28, 1979, Petitioner was indicted for Murder, and on February 15, 1980, he pled guilty to Voluntary Manslaughter, a class B felony, pursuant to a written plea agreement. The plea was accepted on February 26, 1980, at which time Petitioner was sentenced to fifteen (15) years imprisonment to be served concurrently with the sentence for Rape.

On June 17, 1982, Petitioner filed his petition for post conviction relief addressed to both guilty plea proceedings. On July 29, 1982, the trial court consolidated the two causes and heard evidence and argument upon the issue presented. Thereafter, the trial court denied the petition, and this appeal was brought.

■ Petitioner argues, and we agree, that upon accepting his guilty plea in each of the two causes of action, the trial court failed to advise him of the minimum sentences for the offenses to which he pled guilty as required by Ind.Code § 35–4.1–1–3(d) [amended and recodified at Ind.Code § 35–35–1–2, effective September 1, 1982] which provides:

"The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

　*　　*　　*　　*　　*　　*

"(d) *Informing him of the* maximum possible sentence and *minimum sentence* for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences[.]" (emphasis added).

The State contends that the trial court made a good faith attempt to comply with the statutory requirement when, after advising the Petitioner of the maximum possible sentence, it told him that if he had a trial he could be found not guilty and acquitted. This Court, however, requires strict compliance with Ind.Code § 35–4.1–

1–3, and the record must reflect that the trial court informed the defendant, by direct statements at the time of the guilty plea, of all the rights he is waiving. *Taylor v. State*, (1984) Ind., 459 N.E.2d 37, 38; *Carr v. State*, (1983) Ind., 455 N.E.2d 343, 345; *Johnson v. State*, (1983) Ind., 453 N.E.2d 975, 977; *Davis v. State*, (1983) Ind., 446 N.E.2d 1317, 1321; *Early v. State*, (1982) Ind., 442 N.E.2d 1071, 1072; *Romine v. State*, (1982) Ind., 431 N.E.2d 780, 784; *German v. State*, (1981) Ind., 428 N.E.2d 234, 236. Specifically, the trial judge must, among other advisements, inform the defendant of the minimum possible sentence for the offense charged. *Payton v. State*, (1983) Ind.App., 451 N.E.2d 334; *Helton v. State*, (1982) Ind.App., 443 N.E.2d 1201, 1202; *McKinney v. State*, (1982) Ind.App., 442 N.E.2d 727; *Ricketts v. State*, (1981) Ind.App., 429 N.E.2d 289.

■ At no time, in either of the two causes, did the trial court advise Petitioner of the minimum sentence for the offenses involved. The record of the guilty plea hearing must affirmatively disclose advisement of the rights enumerated in Ind.Code § 35–4.1–1–3; if it does not, the Petitioner has satisfied his burden on appeal inasmuch as a knowing, intelligent and voluntary entry of a guilty plea cannot be presumed from a silent record. *Carr v. State*, 455 N.E.2d at 342; *Greer v. State*, (1981) Ind., 428 N.E.2d 787, 789; *Turman v. State*, (1979) 271 Ind. 332, 339, 392 N.E.2d 483, 487. Here the trial court failed to meet an absolute prerequisite to the acceptance of Petitioner's guilty pleas.

■ The State also argues that the Petitioner must show that he was actually prejudiced by the court's failure to properly advise him. Our court of appeals recently addressed this argument in *Payton v. State*, (1983) Ind.App., 451 N.E.2d 334, 336, and determined that the harm occurs "when the requirement of intelligent waiver of rights is violated."

■ On appeal from the denial of post conviction relief, the Petitioner must satisfy this Court that the evidence is without

conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion. If he does so, the decision will be reversed as being contrary to law. *Neville v. State*, (1982) Ind., 439 N.E.2d 1358, 1360. The record is clear that Petitioner was not informed in either proceeding of the minimum sentence. He has, therefore, met his burden; the judgment denying relief is ordered reversed, and the cause is remanded with instructions to vacate Petitioner's guilty pleas.

HUNTER and DeBRULER, JJ., concur.

GIVAN, C.J., and PIVARNIK, J., dissent.