**James JONES, Appellant (Petitioner),**

v.

**STATE of Indiana, Appellee
(Respondent).**

No. 2–1283A465.

Court of Appeals of Indiana,
Second District.

Aug. 20, 1984.

Rehearing Denied Oct. 4, 1984.

Susan K. Carpenter, Public Defender of Ind., Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Chief Judge.

### CASE SUMMARY

Petitioner-appellant James Jones (Jones) seeks review of the denial of his petition for post-conviction relief[1] in which he requests that his guilty pleas be vacated as they were not voluntarily, knowingly, and intelligently entered because the trial court failed to advise him of the minimum penalties for the offenses or the possibility of issuance of consecutive sentences as required by statute.

We reverse and remand.

### FACTS

The facts most favorable to the decision reveal that, on November 15 and 18, 1980, Jones was charged with two counts of burglary[2] and one count of theft[3] in the Marion County Superior Court and, on July 7, 1981, entered pleas of guilty thereto. Prior to acceptance of the pleas, the trial court admonished Jones as follows:

> "Q. Now do you understand by your plea of guilty to Burglary, a Class B Felony in CR80–442C, the maximum penalty for a Class B Felony in this State is up to 20 years im-

---

1. Ind.Rules of Procedure, Post-Conviction Rule 1.

2. Ind.Code 35–43–2–1 (1982).

3. IC 35–43–4–2 (1982).

prisonment and up to a $10,000 fine. In CR80–462C the maximum penalty for Burglary, a Class C Felony is up to eight years in prison and up to a $10,000 fine. The maximum penalty for Theft, a Class D Felony is up to four years in prison and up to a $10,000 fine. I am not saying this is what you will receive, but I have a duty to explain to you the maximum penalties in these cases. Do you understand that?

A. Yes.

Q. Has your lawyer explained to you the maximum penalties in the various cases?

A. Yes sir.

Q. Now on the other hand, if you had a trial in both of the cases you might be proven not guilty and completely exonerated and acquitted. That could be the other possibility if you had a trial. Do you understand that?

A. Yes sir."

*Record* at 65–66.

Following acceptance of the pleas, the trial court sentenced Jones, in accordance with the agreement, to two six-year terms of imprisonment for the burglary counts and one two-year term for the theft count, such terms of imprisonment to run concurrently with one another and consecutively to a sentence rendered in an unrelated case. Jones challenged the validity of his convictions based upon the pleas by post-conviction relief, and he now appeals the denial of his petition.

### ISSUE

Resolution of this case revolves around one issue: [4]

Does the trial court's failure to advise Jones of the possible minimum penalties for the crimes charged and of the possibility of the issuance of consecutive sentences necessitate that the pleas be vacated because they were not voluntarily, intelligently, and knowingly rendered, de-

spite recent amendment of Indiana's guilty plea statute to provide that a guilty plea need only be set aside when a defendant's constitutional rights are violated?

### DECISION

PARTIES' CONTENTIONS—Jones maintains the recent amendment of Indiana's guilty plea statute to provide for vacating guilty pleas only when constitutional rights of a defendant are violated should be given no effect because it is in conflict with existing Indiana case law.

The State counters that the amendment allows Indiana courts to adopt a "harmless error" approach to vacating guilty pleas. Accordingly, unless Jones has suffered prejudice by violation of his constitutional rights, the guilty pleas need not be vacated for failure to advise Jones of the minimum possible sentences or the possibility of consecutive sentences.

CONCLUSION—The recent amendment of Indiana's guilty plea statute which would require setting aside a plea of guilty only if the failure to properly advise the defendant violates his constitutional rights does not alter existing Indiana law.

■ Apparently hoping to remove any doubt as to the trial judge's duty in accepting a plea of guilty, the Indiana legislature, in 1981, specified in some detail that,

"Sec. 2. (a) [t]he court shall not accept a plea of guilty or guilty but mentally ill at the time of the crime, without first addressing the defendant and:

(1) determining that he understands the nature of the charge against him;

(2) informing him that by his plea he waives his rights to:

(A) a public and speedy trial by jury;

(B) confront and cross-examine the witnesses against him;

(C) have compulsory process for obtaining witnesses in his favor; and

(D) require the state to prove his guilt beyond a reasonable doubt at a trial at

---

**4.** Because of our resolution of the case, we need not address the other issues raised by Jones.

which the defendant may not be compelled to testify against himself;

(3) informing him of the maximum possible sentence and minimum sentence for the crime charged and any possible increased sentence by reason of the fact of a prior conviction or convictions, and any possibility of the imposition of consecutive sentences; and

(4) determining if a written recommendation, under chapter 3 of this article, has been executed by the prosecutor and the defendant, and if such recommendation exists, then informing the defendant that if the court accepts the plea, it is bound by the terms of the written recommendation.

(b) A defendant in a misdemeanor case may waive the rights under subsection (a) by signing a written waiver without first being addressed by the judge and formally advised of those rights."

IC 35-35-1-2(a), (b) (1982) (formerly IC 35-4.1-1-3) [hereinafter cited as the guilty plea statute].

Then, in 1984, the legislature made some minor changes in sections 2(a) and 2(b) and, more importantly, added section 2(c) which provides:

"(c) Any variance from the requirements of this section that does not violate a constitutional right of the defendant is not a basis for setting aside a plea of guilty."

1984 Ind.Acts, Pub.L. No. 179-1984 (effective February 29, 1984; to be codified at IC 35-35-1-2(c) (1984 Supp.)) [hereinafter cited as the amendment].

In order to evaluate the effect of the amendment, we must first make a pilgrimage to the fountainhead of guilty plea law, *Boykin v. Alabama*, located at 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and decided by the United States Supreme Court in 1969. From *Boykin* emerged the concept that, because a plea of guilty results in a waiver of constitutional rights, acceptance of the plea cannot be upheld unless the record affirmatively presents an intelligent and voluntary waiver. Three federal constitutional rights were specifi-cally enumerated as being encompassed in the rule: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers.

Indiana quickly implemented this policy, first by case law, then by statute. In *Brimhall v. State*, (1972) 258 Ind. 153, 279 N.E.2d 557, and *Bonner v. State*, (1973) 156 Ind.App. 513, 297 N.E.2d 867, our courts granted post-conviction relief when defendants were not affirmatively advised of their *Boykin* rights, which are state constitutional rights as well as federally protected rights. Soon thereafter, the general assembly enacted legislation which required the trial court to inform the defendant not only of *Boykin* rights that are waived by pleading guilty, but also of, *inter alia*, the maximum and minimum sentences for the offense charged and any possibility of consecutive sentencing. IC 35-35-1-2(a), (b) (1982) (originally enacted by 1973 Ind.Acts, Pub.L. No. 325-1973 § 4).

When first called upon to ascertain whether the trial court must strictly comply with the guilty plea statute, a majority of our Indiana Supreme Court determined that, so long as the entire record reflects a sufficient advisement of each statutorily enumerated right, the plea will not be vacated for failure to specifically advise the defendant of a right at the guilty plea hearing. *Neeley v. State*, (1978) 269 Ind. 588, 382 N.E.2d 714. However, this position was explicitly overruled in a far-reaching opinion, *German v. State*, (1981) Ind., 428 N.E.2d 234. Rejecting the view that the defendant's initials on the plea agreement's recitation of waived rights renders any omission in the guilty plea hearing harmless, the majority candidly stated that,

"a term of the written plea agreement may [not] be considered an adequate substitute for a personal advisement of so *fundamental* a matter as the concept of waiver. We hold that it is the duty of the trial judge to comply strictly with the terms of Ind.Code § 35-4.1-1-3."

*Id.* at 236 (emphasis supplied).

Our courts have consistently followed *German*, expounding on the "fundamen-

tal" nature of the rights waived by a defendant as defined by Indiana's guilty plea statute. For instance, failure to strictly comply with the statutorily required advisement of rights constitutes fundamental error. *Brown v. State*, (1982) Ind.App., 435 N.E.2d 582. And, most important for our purposes, is this recent Indiana Supreme Court language: "Strict compliance with our statute [IC 35–35–1–2(a), (b)] is demanded of our trial courts in order to determine that any waiver of *fundamental constitutional rights* is knowingly and intelligently given." *Davis v. State*, (1983) Ind., 446 N.E.2d 1317, 1321 (emphasis supplied). *See also Early v. State*, (1982) Ind., 442 N.E.2d 1071. Implicit in this clear language are two logical conclusions. First, failure to inform the defendant of *any* of the rights enumerated in the guilty plea statute results in an invalid waiver of rights. And second, *all* of the items included in the guilty plea statute are of equal weight. All are of "constitutional dimension".

■ So, when the legislature passed the amendment saying, "[a]ny variance from the requirements of this section that does not violate a constitutional right of the defendant is not a basis for setting aside a plea of guilty", what effect did it have? Who is the keeper of constitutional rights?[5] If each of the items included in the guilty plea statute is of constitutional dimension, *Davis, supra*, then it can only logically be concluded that the amendment is a nullity, an empty vessel. The Indiana Supreme Court has already decided that any variance from the designated advisements will *always* result in a violation of the constitutional rights of the defendant. Thus, the amendment can have no operative effect.

■ Having come full circle, we need only decide whether existing Indiana law requires that we vacate Jones's guilty plea. The record of the guilty plea hearing reflects that Jones was not informed of the possible minimum sentences for the crimes

charged or the possibility of consecutive sentences. *Record* at 65–66. These omissions may not be cured by acceptance of the plea agreement and require that the guilty plea be set aside. *See Davis, supra; German, supra*.

Reversed and remanded for vacating of guilty plea.

SULLIVAN and SHIELDS, JJ., concur.

---

5. *See Hollingsworth v. State Bd. of Barber Examiners*, (1940) 217 Ind. 373, 28 N.E.2d 64 (legislature sees need for legislation, whereas courts determine constitutionality of legislation); IND.CONST. art. I, § 13.