**Dotsie W. AUSTIN, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 183 S 15.

Supreme Court of Indiana.

Oct. 3, 1984.

Susan K. Carpenter, Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION FOR REHEARING

PRENTICE, Justice.

This case is before us upon the State's (Appellee's) Petition for Rehearing, which follows our reversal of the trial court's denial of post-conviction relief by decision and opinion published at 466 N.E.2d 445 (Justices Givan and Pivarnik, dissenting). In that decision we held that the Defendant's guilty pleas were not knowingly, intelligently, and voluntarily given inasmuch as the trial court failed to inform him of the minimum possible sentences for the offenses to which he pled guilty.

The State, in its petition for rehearing, argues that our decision is erroneous in that it fails to consider the effect of Senate Enrolled Act No. 71, now codified at Ind. Code § 35-35-1-2 (Burns Supp.1984) and effective February 29, 1984, on the guilty plea statute and the review of guilty pleas.

Ind.Code § 35-35-1-2 provides that, among other advisements, a defendant must be advised of the minimum sentence for the crime charged; however, in amending the statute, the legislature added subsection (c) which provides:

"(c) Any variance from the requirements of this section that does not violate a constitutional right of the defendant is not a basis for setting aside a plea of guilty."

The State argues that the advisement of the minimum possible sentence is not a constitutional right, citing *Boykin v. Alabama*, (1969) 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279–280, and that, consequently, this Court is precluded from reversing the denial of post-conviction relief in the case at bar.

▮ In reversing a judgment denying post-conviction relief from a guilty plea, Justice Hunter wrote in *Davis v. State*, (1983) Ind., 446 N.E.2d 1317, 1321: "Strict compliance with our statute is demanded of our trial courts in order to determine that any waiver of fundamental constitutional rights is knowingly and intelligently given." (citation omitted.) Apparently such language has been misconstrued by the State to mean that strict compliance is required simply because the legislature has spoken. Although that is a sufficient reason for vacating a guilty plea where compliance was not had, it is not the only reason. Ind.Code § 35–35–1–2(a) and (b) merely codified certain specific advisements, a knowledge of which is essential to an informed judgment, without which a waiver may not be said to be voluntary. An understanding of the range of possible sentences is, among other factors, essential to an informed judgment as to whether or not to enter a guilty plea. This is self-evident. An accused's entitlement to such advisements, therefore, flows from his due process right to be sheltered from the consequences of a guilty plea entered on less than an informed judgment and not from the legislative inclusion of it in its codification. The legislature may, as a matter of public policy, require advisements that are not of such dimension, but it could not eliminate the requirements of those essential to an informed judgment, which includes the one omitted by the court that accepted the guilty plea. .

Chief Judge Buchanan, writing for the Court of Appeals, Second District, in *Jones v. State*, 467 N.E.2d 757, filed August 20, 1984, stated it well, as follows:

"Our courts have consistently followed *German*, [*German v. State*, (1981) Ind.,

428 N.E.2d 234] expounding on the 'fundamental' nature of the rights waived by a defendant as defined by Indiana's guilty plea statute. For instance, failure to strictly comply with the statutorily required advisement of rights constitutes fundamental error. *Brown v. State*, (1982) Ind.App., 435 N.E.2d 582. And, most important for our purposes, is this recent Indiana Supreme Court language: 'Strict compliance with our statute [IC 35–35–1–2(a), (b)] is demanded of our trial courts in order to determine that any waiver of *fundamental constitutional rights* is knowingly and intelligently given.' *Davis v. State*, (1983) Ind., 446 N.E.2d 1317, 1321 (emphasis supplied); *see also Early v. State*, (1982) Ind., 442 N.E.2d 1071. Implicit in this clear language are two logical conclusions. First, failure to inform the defendant of *any* of the rights enumerated in the guilty plea statute results in an invalid waiver of rights. And second, all of the items included in the guilty plea statute are of equal weight. All are of 'constitutional dimension'.

"So, when the legislature passed the amendment saying, '[a]ny variance from the requirements of this section that does not violate a constitutional right of the defendant is not a basis for setting aside a plea of guilty', what effect did it have? Who is the keeper of constitutional rights? [footnote omitted] If each of the items included in the guilty plea statute is of constitutional dimension, *Davis, supra*, then it can only logically be concluded that the amendment is a nullity, an empty vessel. The Indiana Supreme Court has already decided that any variance from the designated advisements will *always* result in a violation of the constitutional rights of the defendant. Thus, the amendment can have no operative effect."

467 N.E.2d at 759.

The State's argument that the amendment would have retroactive application to guilty pleas entered on deficient advisements prior to its effective date ignores the basic concepts of the proscription against

ex post facto laws. *Constitution of Indiana, Art. 1, § 24.* Although the statute purports to govern the review of guilty pleas and is, in that sense, procedural in nature, the State is in gross error to assert that it does not affect existing substantive rights. Clearly, defendants have a substantive right to receive those advisements required by law at the time they make the decision to plead guilty. If those advisements are withheld, their substantive rights are violated, and no amount of subsequent legislation can alter that accomplished fact. One so wronged has a substantive right to be relieved from the consequences of that wrong. That right arises simultaneously with the violation, and, although the procedure for obtaining the relief may be altered thereafter, the right to relief may not be legislated away.

Regarding the State's argument that the amendment is procedural in nature, in *Davis v. State,* (1984) Ind.App., 464 N.E.2d 926, 928, Judge Neal observed:

"Such an application suggested by the State would divest a defendant of a right, which would have the effect of determining whether he must remain in prison or not. We cannot, therefore, agree that it is procedural."

There is yet another reason why the added section 2(c) is a nullity. Under the separation of powers doctrine of our state constitution, the legislature may not fetter the Judiciary with its concept of harmless error. That is our exclusive domain. *See State ex rel. Kostas v. Johnson,* (1946) 224 Ind. 540, 547, 69 N.E.2d 592, 595.

The State's Petition for Rehearing is denied.

HUNTER and DeBRULER, JJ., concur.

GIVAN, C.J., dissents with opinion in which PIVARNIK, J., concurs.

GIVAN, Chief Justice, dissenting.

I agree with the majority as to its observations concerning the statute and the legislature's inability to deprive one of established constitutional rights by passing a statute. However, I continue to disagree with the majority opinion in this case that the appellant was deprived of his constitutional rights because he was not informed of the minimum possible sentence for the offense to which he was pleading guilty.