Dale K. **GUTHRIE**, Petitioner-Appellant,

v.

**STATE of Indiana,**
**Respondent-Appellee.**

No. 1–685 A 168.

Court of Appeals of Indiana,
First District.

Nov. 26, 1985.
Rehearing Denied Jan. 9, 1986.

Susan K. Carpenter, Public Defender, Jo Ann Farnsworth, Deputy Public Defender, Indianapolis, for petitioner-appellant.

1. Indiana Code section 35–42–4–1 (Burns 1985).

2. Indiana Code section 35–42–4–2 (Burns 1985).

3. Indiana Code section 35–43–4–2(a) (Burns 1985).

4. Indiana Code section 35–50–2–7 provides:
   "(a) A person who commits a class D felony shall be imprisoned for a fixed term of two [2] years, with not more than two [2] years added for aggravating circumstances or not more than one year subtracted for mitigating circumstances; in addition, he may be fined not more than ten thousand dollars [$10,000].
   (b) Notwithstanding subsection (a), if a person has committed a class D felony, the court may enter judgment of conviction of a class A

Linley E. Pearson, Atty. Gen., Cheryl Lynn Greiner, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Dale Guthrie appeals from the denial of his petition for post-conviction relief under Indiana Rules of Procedure, Post-Conviction Remedy Rule No. 1. We affirm in part and reverse in part.

## FACTS

On August 10, 1983, Guthrie pleaded guilty to rape, a class B felony,[1] criminal deviate conduct, a class B felony,[2] and two counts of theft, a class D felony.[3] He was sentenced to two concurrent terms of ten (10) years on the class B felonies, and two concurrent terms of three (3) years in the class D felonies, with the ten (10) year terms running consecutive to the three year terms. Sentencing was on September 19, 1983.

At the guilty plea hearing, the trial judge advised Guthrie of the minimum and maximum penalties for rape and criminal deviate conduct. The judge also advised Guthrie of the presumptive sentence and maximum sentence for class D felonies. However, the judge failed to advise Guthrie of the possibility of sentencing as a class A misdemeanor on the class D felony charges.[4] In all other respects the trial judge complied with the statutory require-

misdemeanor and sentence accordingly. However, the court shall enter a judgment of conviction of a class D felony if:
   (1) The person has committed a prior, unrelated felony for which judgment was entered as a conviction of a class A misdemeanor; and
   (2) The prior felony was committed less than three [3] years before the second felony was committed.
   "The court shall enter in the record, in detail, the reason for its action whenever it exercises the power to enter judgment of conviction of a class A misdemeanor granted in this subsection."

ments for accepting a guilty plea set forth in Indiana Code section 35-35-1-2.

Guthrie contacted the Public Defender of Indiana in October 1983 concerning instituting post-conviction remedy proceedings. The instant petition was filed on July 19, 1984. An evidentiary hearing was held on such petition on February 4, 1985, and was denied that same day. This appeal ensued.

## ISSUES

1. Whether the trial court erred in finding Guthrie's petition for post-conviction relief barred by laches.

2. Whether the trial court erred in finding Guthrie's pleas of guilty were entered knowingly, intelligently, and voluntarily.

## DISCUSSION AND DECISION

We note the trial judge did not make specific findings of fact and conclusions of law on all issues presented as required by Rule PC 1, Section 6. In this respect the court erred. *Cabell v. State* (1980), 274 Ind. 683, 414 N.E.2d 293. Neither party raises any issue concerning the court's failure to make such findings and conclusions. Remand to the trial court to make such findings is appropriate in such a case. *Cabell.* However, because the trial court's comments from the bench indicate the bases of his decision, and because it further is clear from the record we must reverse in part, remand would be a waste of time. Our appellate review is not thwarted or hindered by the lack of findings. In the interest of judicial economy, we will decide this appeal on the merits.

*Issue One*

The trial court found Guthrie guilty of laches. Record at 274. That finding cannot be upheld.

■ Our supreme court has recognized that laches may be a bar to post-conviction relief. *Twyman v. State* (1984), Ind., 459 N.E.2d 705. Laches is an affirmative defense which the state must plead and upon which it bears the burden of proof. *Twyman.* In order to preclude post-conviction relief on the ground of lach-

es, the state must establish both an unreasonable delay in instituting the proceedings and prejudice resulting to the state from the delay. *Harrington v. State* (1984), Ind.App., 466 N.E.2d 1379, *trans. denied.* Here, the laches defense fails to meet the first test. Guthrie contacted the Public Defender of Indiana concerning the initiation of post-conviction proceedings within less than one month of his sentencing. His petition was filed within ten (10) months of sentencing. It is difficult to discern what more he could have done to expedite these proceedings. We hold as a matter of law, upon the facts of this case, Guthrie did not unreasonably delay institution of post-conviction proceedings. Because there was no unreasonable delay, the issue of prejudice to the state is irrelevant, for both are required to establish laches.

*Issue Two*

■ The state concedes that the trial judge did not advise Guthrie of the alternative sentence as a class A misdemeanor provision of Indiana Code section 35-50-2-7. In *Peterson v. State* (1983), Ind.App., 451 N.E.2d 1095, *trans. denied,* this court held that the trial court's failure to advise the defendant of the court's discretion to treat the offense as a class A misdemeanor constituted a failure to comply with the mandatory provision of Indiana Code section 35-35-1-2 (then Ind.Code sec. 35-4.1-1-3) requiring the guilty plea to be vacated. It is not contended here that Guthrie was ineligible for class A misdemeanor treatment under Indiana Code section 35-50-2-7(b). Rather, the trial judge attempted to justify his failure to advise Guthrie of the class A misdemeanor alternative on the ground he would not have availed himself of that alternative because of Guthrie's prior criminal record. Record at 273. Such attempted justification is unavailing. See *Bates v. State* (1984), Ind., 465 N.E.2d 726, 727 (defendant pleading guilty must be advised of the possibility of increased sentence by reason of prior convictions even where there is no indication on the record of any prior convictions).

The state, in its appellee's brief, argues that any error in failing to advise Guthrie of the class A misdemeanor alternative was harmless "because of the number of pleas involved here, the variety of crimes involved, that the Defendant was fully advised as to his total time, and the Defendant's obviously advantageous position pursuant to his plea[.]" Appellee's brief at 11. This argument may not prevail. Strict compliance with the terms of Ind.Code sec. 35–35–1–2 is required. *Jones v. State* (1984), Ind.App., 467 N.E.2d 757. Failure to properly advise a defendant vitiates a guilty plea. *Id.*[5] Having determined that Guthrie was not properly advised as to the range of penalties for the theft charges, we must now determine whether his guilty pleas to all charges must be set aside or whether only the guilty pleas to the theft charges are vitiated. Guthrie makes no argument that his entire guilty plea was tainted by the failure to advise him of the possibility his class D felony theft charges could be treated as class A misdemeanors. Neither does he contend he would not have pleaded guilty to rape and criminal deviate conduct had he been so advised. Under such circumstances, we hold that only his guilty pleas to the two theft charges are vitiated and his guilty pleas to rape and criminal deviate conduct stand. *See Cardenas v. Meacham* (1976), Wyo., 545 P.2d 632 (defendant pleaded guilty to rape and felonious assault. He was advised of the maximum penalty for rape but not for felonious assault. Court said if that were the only question they would return the case to permit defendant to replead as to felonious assault only. But, because there was some confusion over whether defendant's guilty pleas were induced by a belief the sentences would be concurrent, and trial court ordered consecutive sentences, entire guilty plea was affected). Guthrie has failed to show his *entire* guilty plea was affected.

Judgment reversed as to the two theft charges and remanded to the trial court with instructions to vacate Guthrie's guilty pleas to the theft charges only. Judgment affirmed in all other respects.

NEAL and ROBERTSON, JJ., concur.

---

5. We call attention to the words of the Supreme Court of the United States in *McCarthy v. United States* (1969), 394 U.S. 459, 472, 89 S.Ct. 1166, 1174, 22 L.Ed.2d 418:

"It is, therefore, not too much to require that, before sentencing defendants to years of imprisonment, district judges take the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking."