**Gary LUCAS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1–1285A317.**

Court of Appeals of Indiana,
First District.

April 30, 1986.

Susan K. Carpenter, Public Defender, Kathryn L. Kelley, Sp. Asst., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

STATEMENT OF THE CASE

NEAL, Judge.

Petitioner-Appellant, Gary W. Lucas (Lucas), appeals under Ind. Rules of Proce-

dure, Post Conviction Remedy Rule No. 1 the denial of his Petition for Post-Conviction Relief.

We reverse.

## STATEMENT OF THE FACTS

On March 10, 1981, pursuant to a plea bargain agreement, Lucas pleaded guilty to and was convicted of theft, a Class D felony. He was subsequently sentenced to four years imprisonment, the maximum sentence for a Class D felony as provided by IND.CODE 35–50–2–7, and as requested by the prosecution.

At Lucas's guilty plea hearing, the court advised Lucas of his right to remain silent, his right to an attorney, his right to a trial, his right to confront and cross-examine all witnesses against him, and his right to appeal a trial conviction. The court then explained to Lucas the charge against him and the fact that by pleading guilty to theft, he was admitting to the truth of all material facts set forth in the charging information. Finally, just before establishing the factual basis for his plea, the court informed Lucas that the maximum possible sentence for theft is four years while the "minimum possible" sentence is zero years imprisonment and costs. However, the court failed to explicitly inform Lucas that despite having committed and pleaded guilty to a Class D felony, the court, in its discretion, may enter a judgment for a Class A misdemeanor conviction, and sentence him accordingly. Lucas filed his Petition for Post-Conviction Relief (Petition) on February 21, 1985. On August 9, 1985, the court, after examining the transcript of the guilty plea hearing, denied Lucas's Petition. From that denial Lucas now appeals.

## ISSUES

Lucas contends that the court below erred in denying his Petition for the following reasons:

I. The court failed to advise him of the possibility of an alternative convic-

tion and sentence as a Class A misdemeanor rather than as a Class D felony.

II. The court failed to advise Lucas of the possibility of an enhanced sentence based upon prior convictions.

Since our decision as to Issue I is dispositive of the case, we will not address Issue II.

## DISCUSSION AND DECISION

We note at the outset that the trial judge failed to make sufficiently specific findings of fact and conclusions of law as required by P.C. Rule No. 1, Section 6. Such error is reason for remanding the case back to the trial judge for more specific findings and conclusions. *Cabell v. State* (1980), 274 Ind. 683, 414 N.E.2d 293. However, since the lack of such will not hinder our review in this particular case, and since we must reverse the judgment anyway, judicial economy dictates that we address the case on its merits.

On March 10, 1981, the date on which Lucas entered his guilty plea, IND.CODE 35–4.1–1–3 governed the acceptance of guilty pleas:[1]

> "The court shall not accept a plea of guilty from the defendant without first addressing the defendant and
>
> (a) determining that he understands the nature of the charge against him;
>
> (b) informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;
>
> (c) informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant

---

1. Amended and re-codified as IND.CODE 35–35–

1–2, effective September 1, 1982.

may not be compelled to testify against himself;

(d) informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences; [and]

(e) informing him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby."

In *German v. State* (1981), Ind., 428 N.E.2d 234, our supreme court established that judges presiding over guilty plea hearings must strictly comply with the requirements set out in IND.CODE 35–4.1–1–2. Furthermore, the court held that such compliance can only be accomplished if the trial judge personally addresses the defendant in regard to those requirements. *Id.* However, it was subsequently held that if the guilty plea hearing occurred before the date of the *German* decision, then upon review of a post-conviction relief petition arising from such a hearing, the reviewing court should look to the entire record of the hearing to determine if the statutory requirements had been met. *See Williams v. State* (1984), Ind., 468 N.E.2d 1036. *German* was decided on December 3, 1981, and Lucas's guilty plea hearing was conducted on March 10, 1981. Therefore, *Williams* controls our review here.

■ In post-conviction relief proceedings the petitioner need only establish his grounds for relief by a preponderance of the evidence. P.C. Rule No. 1, Section 5. For reversal upon review, the petitioner must prove that "the evidence as a whole was such that it leads unerringly and unmistakenly to a decision in his favor; that is, one opposite to that reached by the trial court." *Sotelo v. State* (1980), 273 Ind. 694, 696, 408 N.E.2d 1215, 1215–1216. Lucas contends that since the trial judge

failed to advise him that he could, at the judge's discretion, be convicted of a Class A misdemeanor and sentenced accordingly despite having pleaded guilty to theft, a Class D felony, he was not fully advised as to the minimum sentence to which he was subject. The State counters by asserting that Lucas was advised of the minimum sentence to which he was subject when the trial judge informed him that he could be sentenced to zero years in prison. We disagree.

■ This court has held on at least two separate occasions, the latest as recent as November 26, 1985, that a defendant pleading guilty to a Class D felony must be advised of the potential alternative Class A misdemeanor conviction and sentence. *See Guthrie v. State* (1985), Ind.App., 485 N.E.2d 153, *trans. denied; Petersen v. State* (1983), Ind.App., 451 N.E.2d 1095, *trans. denied.*[2] Although both *Guthrie, supra,* and *Petersen, supra,* were decided under the stricter *German* standard, they still control here. The only difference between the analysis in those two cases and our analysis here is that here we may look to the entire record of the guilty plea hearing to determine whether or not Lucas was properly advised. *See Williams, supra.*

The State directs our attention to the following dialogue between the trial judge and Lucas as proof that Lucas was fully advised as to the minimum sentence to which he was subject:

"Q. You understand the maximum possible sentence for theft is four (4) years and the minimum possible sentence is no time and costs, that the court could impose the maximum sentence?

A. Yes, sir."

■ This excerpt is unpersuasive. In order to comply with the maximum-minimum sentence advisement requirement at Class D felony guilty plea hearings under *Wil-*

---

**2.** We note here that in neither case did the trial judge advise the defendant that the minimum

sentence for a Class D felony conviction was zero years in prison.

*liams, supra,* the defendant must be informed of the following:

(1) the maximum and minimum sentences for a Class D felony conviction;

(2) the potential for an alternative conviction of a Class A misdemeanor; and

(3) the maximum and minimum sentences for a Class A misdemeanor conviction.

Having reviewed the entire record of Lucas's guilty plea hearing we find it void of any of the above three required advisements. First, the trial judge failed to advise Lucas of the minimum sentence for a Class D felony conviction. The minimum sentence for such is one year in prison—two years presumptive with one year subtracted for mitigating circumstances. *See* IND.CODE 35–50–2–7. Informing a defendant that he may be required to serve zero years in prison, as the trial judge did here, merely informs him that the sentence he will utlimately receive is suspendable regardless if he receives the maximum, presumptive, or minimum sentence. Second, the trial judge failed to advise Lucas of the potential for an alternative conviction. As we just noted, the above excerpt from the Record merely informed Lucas that his ultimate sentence would be suspendable. It did not, as the State contends, inform him that despite his plea of guilty to a Class D felony he might in fact be convicted of a Class A misdemeanor. Finally, the trial judge failed to inform Lucas as to the maximum and minimum sentences for a Class A misdemeanor conviction. This failure is uncontested.

For the reasons above the judgment below is reversed and remanded with instructions to vacate Lucas's guilty plea and assign the case for trial.

Judgment reversed.

ROBERTSON, P.J. and RATLIFF, J., concur.

