Joyce Ann DeVILLEZ, Appellant,

v.

STATE of Indiana, Appellee.

No. 979S244.

Supreme Court of Indiana.

March 2, 1981.

Harriette Bailey Conn, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cindy A. Ellis, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Judge.

This is an appeal from a denial of a post-conviction proceeding by which appellant DeVillez sought to withdraw a plea of guilty. Following a hearing the petition was denied.

On September 30, 1974, appellant was arrested upon a charge of accessory before the fact to first degree murder in the killing of her husband, and retained attorney

Lopp as her counsel. On May 21, 1975, she entered a plea of guilty to second degree murder and received a sentence of fifteen to twenty-five years. On May 17, 1978, appellant filed her petition for post-conviction relief, the denial of which forms the basis for this appeal.

The post-conviction petition alleged that the trial court at the guilty plea proceeding had failed to advise her that the court was not a party to the plea agreement which was tendered as required by Ind.Code § 35–4.1–1–3(e) (1971), and the nature of the charge or the elements thereof, pursuant to the requirements of Ind.Code § 35–4.1–1–3(a) (1971), the Sixth Amendment to the United States Constitution and Art. I, § 13, of the Indiana Constitution. The second part of the post-conviction petition alleged that appellant had not been provided the level of assistance by counsel required by the Sixth Amendment and Art. I, § 13 of the Indiana Constitution.

## I.

■ Indiana Code § 35–4.1–1–3(e) requires the court receiving a guilty plea to inform the accused that the court is not a party to the plea agreement and is not bound by it. At the plea proceeding, appellant in person and by counsel tendered her plea of guilty to second degree murder. In addressing her, the following exchange took place:

"THE COURT: Do you have any reservation about entering the plea?

DEFENDANT: No.

THE COURT: Do you realize that by entering the plea of guilty to Second Degree Murder you are admitting the truth again under oath of the facts that are contained in this memorandum?

DEFENDANT: Yes.

THE COURT: Has any threat or force been used to induce you to enter this plea?

DEFENDANT: No.

THE COURT: Do you realize that on a plea of guilty to Second Degree Murder that the Court has the power to impose a sentence of either 15 to 25 years or life imprisonment?

DEFENDANT: Yes.

THE COURT: And that which sentence is imposed is discretionary with the Court?

DEFENDANT: Yes.

THE COURT: You do realize that?

DEFENDANT: Yes.

THE COURT: Do you realize that if you did not enter this plea of guilty that you'd have the right to a jury trial?"

The objective of subsection (e) is fairness to the accused. This objective is sought by portraying the role of the court as being independent of the plea agreement and by insuring that the acceptance of the plea and the sentence received are within the expectancies of the accused. In the above colloquy the plea is considered tentative and ineffective without further proceedings of the court, even though its terms have been openly agreed to by the defense and the prosecution, and the core of the plea agreement, namely, the sentence to be served, is to be set by the court alone within the applicable maximum and minimum. Appellant was given the advice required by this subsection of the statute. The plea was not involuntary on this legal basis.

## II.

Indiana Code § 35–4.1–1–3(a) requires the judge to personally address the accused at a plea hearing and "determine" that he understands the nature of the charge to which he is pleading guilty. To determine in this context is to arrive at a conclusion based upon the interchange with the accused at the time the plea is taken. The judge in the post-conviction proceeding concluded that this operation of the judicial mind had in fact taken place, and that there was a sufficient record support for it.

■ Appellant made a factual statement and admission in written form which was tendered to the plea judge, subscribed and sworn to in open court before him, accompanied by her verbal statement to the judge that it was true and accurate and voluntari-

ly made, in which she described in detail how she hired Terry Wayne Walker to kill her husband and how she assisted him in doing so. In it she flatly, unmistakably and completely admits facts which permit of only one appraisal, namely that it is an admission of each element of first degree murder. It necessarily arises from this statement again and again, that she is aware that guilt in her case is predicated, not upon having physically unleashed the deadly force, but an involvement in the use of that deadly force summed up in the hiring and assisting element. Such a voluntary admission by the accused of each element of an offense is sufficient as a basis for the plea judge's determination that the accused is aware of the true nature of the charge against her and comports with due process. *Henderson v. Morgan,* (1976) 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108. We hold that a voluntary admission of this sort on the record of the plea proceeding may also satisfy the implicit requirement of subsection (a) that there be a rational basis for the judge's determination that the accused understands the nature of the charge. We reject the position of appellant that such requirement can only be satisfied by an advisement by the court of the separate elements of the offense. That, of course, remains one good way to make the determination, and we encourage it.

█ Appellant argues that she was never informed either by way of a separate indictment or otherwise of the nature of second degree murder, and that there is nothing in the record upon which to conclude that she understood the nature of the charge of second degree murder. At the plea stage second degree murder is a necessarily included offense within a charge of first degree murder. Cf. *Barker v. State,* (1958) 238 Ind. 271, 150 N.E.2d 680. Therefore, her knowledge of the true nature of the greater offense necessarily supplies sufficient knowledge of the true nature of the lesser and included offense of second degree murder.

As an adjunct to appellant's claim regarding compliance of the plea judge with the plea statute, she asserts that evidence at the post conviction hearing showed her impaired mental and physical condition. The medical testimony in the record on this point relates most pointedly to the date of the offense in 1974 and not to the date of the plea proceeding in the following year. It was, therefore, highly speculative in its tendency to show her mental state at the time of the plea, and when considered in conjunction with the other factors bearing upon compliance with the plea statute would not lead the trier of fact to a contrary result in favor of appellant.

The plea was not shown unknowing or involuntary on the basis of non-compliance with the plea statute or the requirements of due process as contended.

### III.

Appellant next contends that she should be permitted to withdraw her plea of guilty because her counsel in the trial court was constitutionally ineffective. Regarding this claim we have said:

"Counsel is presumed to have prepared and executed his client's defense effectively. *State v. Irvin* (1973), 259 Ind. 610, 291 N.E.2d 70; *Robbins v. State* (1971), 257 Ind. 273, 274 N.E.2d 255. This presumption is rationally grounded in the educational and other requirements for admission to the practice of law, but is rebuttable by strong and convincing proof. *Robbins v. State, supra.* In resolving the issue, a court should consider the totality of the circumstances surrounding counsel's pre-trial preparation and the actual conduct of the trial. *Lowe v. State* (1973), 260 Ind. 610, 298 N.E.2d 421; *Blackburn v. State* (1973), 260 Ind. 5, 291 N.E.2d 686; *Sargeant v. State* (1973), 157 Ind.App. 173, 299 N.E.2d 219. Perfunctory representation is not enough. *Wilson v. State* (1943), 222 Ind. 63, 51 N.E.2d 848; *Castro v. State* (1925), 196 Ind. 385, 147 N.E. 321. Counsel must have reasonable time for pre-trial preparation. *Hartman v. State* (1973), 155 Ind. App. 199, 292 N.E.2d 293. Deliberate choices made by counsel for some contem-

plated tactical or strategic reason which turn out to be detrimental to the client's cause do not establish ineffective representation. *Henry v. Mississippi* (1965), 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408; *Lowe v. State, supra.*" *Magley v. State,* (1975) 263 Ind. 618, 621, 335 N.E.2d 811, 814.

Appellant established at the post-conviction hearing that she had been subjected to serious mistreatment at the hands of her husband and suffered from a serious medical problem at the time of the offense; that the deputy prosecutor was her lawyer's nephew; that she was not present during depositions of prosecution witnesses, and was not advised clearly of clemency possibilities. Such showing was made to support claims that counsel was remiss in failing to have her psychiatrically examined for purposes of evaluating her ability to make a plea or present a defense of insanity; in failing to advise her of the potential conflict of interest because of the family relationship with the prosecutor; in failing to advise her of her right to be present during depositions and in failing to provide her with the accurate clemency data upon which to decide whether to plead guilty.

There was competing evidence presented that defense counsel and an associate spent considerable time with appellant during the six months between arrest and the plea, and that the plea of insanity was discussed as was the nature of the charge and lesser included offenses and the sentencing alternatives with which they were confronted. Defense counsel did depose the three key prosecution witnesses and unsuccessfully prosecuted a motion to suppress a damaging tape recorded telephone conversation. Defense counsel testified that his relationship with the deputy prosecutor in no way affected his handling of the case, and indeed defense counsel even deposed that deputy prosecutor in connection with the motion to suppress. The residual of points missed by defense counsel, when considered in light of the totality of surrounding circumstances, clearly were not such as would have required the trier of fact to conclude that counsel was constitutionally ineffective.

The judgment of the trial court is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.