**Randy L. CARR, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 882S285.

Supreme Court of Indiana.

Nov. 3, 1983.

Rehearing Denied Jan. 16, 1984.

Susan K. Carpenter, Public Defender, Ihor N. Boyko, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

The Petitioner (Appellant) pled guilty, pursuant to a plea bargain agreement, to Robbery, a class B felony, Ind.Code § 35–42–5–1 (Burns 1979), and was sentenced to twenty (20) years imprisonment. This appeal from the denial of post-conviction relief presents four issues for review, one of which compels us to reverse the judgment of the trial court and to order the Petitioner's guilty plea vacated.

On October 30, 1980, the Petitioner was charged with Robbery and, on a separate page of the Information, was alleged to be an habitual offender. A plea of not guilty was entered on November 6, 1980. On January 27, 1981, pursuant to a plea bargain agreement in which it was agreed that the habitual offender charge would be dropped, the Petitioner withdrew his plea of not guilty and entered a plea of guilty, which was accepted by the trial court following a hearing at which the trial court established a factual basis for the guilty plea and explained the terms of the agreement, the

possible sentencing range, and certain constitutional rights which were being waived.

On February 9, 1981, the trial court imposed a sentence of twenty (20) years imprisonment. Subsequently, on September 2, 1981, Petitioner, *pro se*, petitioned the trial court for post-conviction relief, and the case was referred to the Public Defender. After a hearing on November 23, 1981, the matter was taken under advisement. The trial court subsequently denied post-conviction relief, and this appeal followed.

Our standard of review in post-conviction relief proceedings is as follows:

"Petitioner ha(s) the burden of proof and stands in the shoes of one appealing from a negative judgment. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law." *Neville v. State,* (1982) Ind., 439 N.E.2d 1358, 1360. (citations omitted).

Petitioner contends that his guilty plea was not knowingly and intelligently made because the requirement of Ind.Code § 35–4.1–1–3(e) (Burns 1979) (now amended and recodified) that he be advised that the trial "court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby" was not met.

At the guilty plea hearing the trial judge, in compliance with Ind.Code § 35–4.1–1–3, outlined the nature of the charge against the Petitioner, informed him that by pleading guilty he was admitting guilt and that he was waiving his right to a jury trial, to compulsory process, to confront his accusers, and to require the State to prove his guilt beyond a reasonable doubt in a trial in which he could not be compelled to testify. The court further outlined the minimum and maximum sentence to which he was subject. The trial court, however, inadvertently failed to advise him that the court

was not a party to any agreement made by the prosecutor and the defense and that it was not bound by any such agreement.

■ This Court has held on several occasions that strict compliance with Ind.Code § 35–4.1–1–3 is required and that the record must show that the trial court informed the defendant of all of the rights he is waiving by direct statements at the time of the guilty plea. *Davis v. State,* (1983) Ind., 446 N.E.2d 1317, 1321; *Early v. State,* (1982) Ind., 442 N.E.2d 1071, 1072; *Romine v. State,* (1982) Ind., 431 N.E.2d 780, 784; *German v. State,* (1981) Ind., 428 N.E.2d 234, 236; *Turman v. State,* (1979) 271 Ind. 332, 392 N.E.2d 483, 487. The trial judge is required to advise the defendant that the court is not a party to any agreement between the prosecutor and the defense and is not bound thereby even though he is not required to use the exact language of the Statute. *McCann v. State,* (1983) Ind., 446 N.E.2d 1293, 1296. In *McCann,* the appellant was told that the plea bargain agreement was not binding on the judge and that no agreement between him, his attorney and the prosecutor was binding on the court. Although the appellant was not expressly told that the court was not a "party" to any agreement, the "statements conveyed the idea that the court had not been a bargainer and that he had made no prior commitments." *Id.*

■ The State contends that the following exchange between the court and the Petitioner satisfies the requirements of Ind. Code § 35–4.1–1–3(e):

"COURT: Any questions about the agreement?

"A. No, sir.

"COURT: You understand that what we are doing is you are agreeing to go along with the aggravation portion of the robbery statute a Class B felony, that is increase it up to the twenty years, with the habitual which is a thirty add on being dropped, which means, you were facing a potential maximof (sic) of fifty years and a potential minimum of 36 years, and you are agreeing

to take twenty. Do you understand that?

"A. Yes, sir.

"COURT: Now, did you voluntarily agree to do this?

"A. "Yes, sir.

"COURT: Nobody forced you or tried to pressure you into entering into this agreement, is that right?

"A. No, sir.

"COURT: Anybody make any promises other than I have referred to?

"A. No, sir.

\*　\*　\*　\*　\*　\*

"COURT: You understand that if you enter a plea of guilty that it will be my duty to impose a sentence and pursuant to the agreement I would impose a sentence of twenty years, you understand that?

"A. Yes, sir." (R. at 71–73).

The State argues that the above colloquy indicated that the plea was considered tentative and ineffective without further proceedings of the court, thus satisfying the requirement of Ind.Code § 35–4.1–1–3(e). That is not, however, what the relevant statute contemplates or requires. The record of the guilty plea hearing must affirmatively disclose advisement of the rights enumerated in Ind.Code § 35–4.1–1–3; if it does not, the petitioner has satisfied his burden on appeal inasmuch as a knowing, intelligent and voluntary entry of a guilty plea cannot be presumed from a silent record. *Greer v. State,* (1981) Ind., 428 N.E.2d 787, 789; *Turman v. State,* 392 N.E.2d at 487. The above statements by the court make no mention of the fact that it is not a party to any agreement between the prosecutor and the defense and that it is not bound by any such agreement. In this case, unlike the situation in *McCann v. State,* (1983) Ind., 446 N.E.2d 1293, there was no statement whatever by the court from which the Petitioner could infer that the court had not been a bargainer and had made no prior commitments. Rather, the statements by the court suggested that the judge was bound by the agreement to impose a sentence of twenty years imprison-

ment. Thus, the court failed to meet an absolute prerequisite to the acceptance of Petitioner's guilty plea.

The conclusion of the post-conviction hearing judge that the Petitioner had been adequately advised at the guilty plea hearing and knowingly, intelligently, and voluntarily entered his plea of guilty is contrary to the evidence. Consequently, the judgment of the trial court is reversed, and this cause is remanded with instructions to vacate the guilty plea, permit the Petitioner to enter a plea of not guilty and set the matter for trial.

DeBRULER and HUNTER, JJ., concur.

GIVAN, C.J., and PIVARNIK, J., dissent.