Lester W. KIDDER, Jr., Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 3–283A36.

Court of Appeals of Indiana,
Third District.

Nov. 17, 1983.

Susan K. Carpenter, Public Defender, Joseph Oddo, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Lester W. Kidder, Jr., entered a plea of guilty to the charge of burglary, a class C felony on July 30, 1979. Kidder subsequently filed a Petition for Post-Conviction Relief, alleging that the trial court failed to fully advise him of his rights and of the consequences of his guilty plea. His petition was denied and Kidder appeals, contending that the trial court erred in determining that his guilty plea had been entered knowingly, voluntarily and intelligently.

Reversed and remanded with instructions to vacate Kidder's plea of guilty.

■ Because Kidder bore the burden in the trial court of proving his claims by a preponderance of the evidence, he is appealing from a negative judgment. We will not reverse the trial court's determination unless the evidence is not conflicting and leads unerringly to a contrary result. *Tally v. State* (1982), Ind.App., 442 N.E.2d 721, 723 (*trans. denied*). The evidence on the record is undisputed;[1] the trial court, in accepting Kidder's guilty plea, failed to comply with the requirements of IC 1976, 35-4.1-1-3 (Burns Code Ed., 1979 Repl.) (repealed and replaced by IC 1976, 35-35-1-2 (Burns Code Ed., 1983 Supp.)). Strict compliance with the statutory provisions is required. *Davis v. State* (1983), Ind., 446 N.E.2d 1317; *German v. State* (1981), Ind., 428 N.E.2d 234.

■ Kidder contends that the trial court failed to advise him of his right to a public and speedy trial,[2] failed to advise him that the court would proceed to judgment and sentence upon entry of his plea and failed to inform him of the minimum possible sentence for the offense charged. The record supports his contention.

IC 35-4.1-1-3 provided, in pertinent part:

"The court shall not accept a plea of guilty from the defendant without first addressing the defendant and . . .

(b) Informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and *that upon entry of such plea the court shall proceed with judgment and sentence;*

(c) Informing him *that by his plea of guilty he waives his rights to a public and speedy trial by jury,* to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

---

1. The State concedes that the failure to properly advise Kidder requires reversal.

2. Kidder raises this basis for his claim for the first time on appeal. Because noncompliance with IC 35-4.1-1-3 constitutes fundamental error, *Brown v. State* (1982), Ind.App., 435 N.E.2d 582, we will consider this argument.

(d) *Informing him of the maximum possible sentence and minimum sentence for the offense charged* and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences; . . . ."

(Emphasis supplied.)

Because the trial court failed to comply with this statute, the determination that Kidder's plea had been knowingly, intelligently and voluntarily made is contrary to law. *Davis v. State, supra; German v. State, supra; Brown v. State* (1982), Ind. App., 435 N.E.2d 582.

Reversed and remanded with instructions to vacate Kidder's plea of guilty.

BUCHANAN, C.J. (by designation), concurs.

GARRARD, J., concurs in result.