**Gerald WILLIAMS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 283S42.**

Supreme Court of Indiana.

Oct. 10, 1984.

Susan K. Carpenter, Public Defender of Indiana, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., of Indiana, Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

The petitioner appellant, Gerald Williams, is before this Court appealing from the denial of his petition for post-conviction relief. The petitioner pled guilty to attempted murder, a class A felony, Ind. Code §§ 35-41-5-1 and 35-42-1-1, and was sentenced to a thirty-year term of imprisonment.

Petitioner raises two issues. We will reach the merits of one of them on appeal: (1) whether the record, as a whole, shows that petitioner entered his plea of guilty intelligently, knowingly, and voluntarily.

These are the facts pertinent to the appeal. On January 26, 1979, appellant shot Leon Harris. Harris was hospitalized for several weeks and suffered partial paralysis. On December 4, 1979, petitioner moved, in open court, to change his plea of not guilty to the charge of attempted murder to guilty pursuant to a plea agreement which had been filed with the trial court on November 21, 1979. The trial court advised petitioner of his rights; however, the trial court did not advise petitioner of the minimum sentence which could be given upon the plea of guilty. The trial court accepted his guilty plea, and subsequently, sentenced him to a thirty-year term of imprisonment.

Petitioner filed his *pro se* Petition for Post-Conviction Relief on June 24, 1982,

wherein he alleged his plea was not knowingly, intelligently, and voluntarily entered because the trial court failed to comply with Ind. Code § 35–4.1–1–3(d), since repealed, which required the court to advise him of the minimum possible penalty prior to acceptance of his plea. A like provision was retained in the present plea statute, Ind. Code § 35–35–1–2. Petitioner introduced transcripts of the guilty plea and sentencing proceedings at the evidentiary hearing on this petition. These transcripts do not evidence that petitioner was advised that the minimum penalty for the offense to which he entered his guilty plea was twenty-years.

Petitioner then filed his memorandum in support of his Petition for Post-Conviction Relief on September 2, 1982, and the trial court denied the petition on September 10, 1982. Petitioner filed his Motion to Correct Errors asserting that the trial court's findings of fact and conclusions of law were inadequate and that the trial court erred in denying his Petition for Post-Conviction Relief.

(1) A plea of guilty is an admission or confession of guilt made in court before a judge. It is also a waiver of specific constitutional rights. In *German v. State,* (1981) Ind., 428 N.E.2d 234, this Court held that a written plea agreement entered into beyond the sight and hearing of the court may not be considered an adequate substitute for specifically addressing the subject on so fundamental a matter as the concept of waiver. *German,* was decided December 3, 1981. However, the guilty plea hearing in the case at bar was held on December 4, 1979. Consequently, we will use the standard of review employed in *Neeley v. State,* (1978) 269 Ind. 588, 382 N.E.2d 714, and look to the entire record to determine if petitioner was fully advised of and understood his constitutional rights. *Cf. Turman v. State* (1979) 271 Ind. 332, 392 N.E.2d 483.

Here, there is no indication that petitioner was advised of the minimum possible sentence as mandated by Ind. Code § 35–4.-1–1–3(d). The record of the guilty plea and the sentencing hearing does not contain any mention of the minimum possible sentence.

The record leads us to this conclusion. Petitioner was not informed as to the minimum possible sentence he could receive upon entering a plea of guilty. We will not presume that he was aware of this information from a "silent-record." *Boykin v. Alabama,* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, *Turman v. State,* supra. Petitioner's plea of guilty was not entered intelligently, knowingly, and voluntarily. This cause is remanded to the trial court with instructions to vacate the guilty plea and to permit the reinstatement of the plea of not guilty.

HUNTER and PRENTICE, JJ., concur.

GIVAN, C.J., and PIVARNIK, J., dissent without opinion.