**Clarence Lee CROCKER, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

**No. 583S157.**

Supreme Court of Indiana.

March 26, 1985.

Susan K. Carpenter, Public Defender, Ihor N. Boyko, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

The Petitioner (Appellant) pled guilty, pursuant to an oral plea bargain agreement, to dealing in a controlled substance and was sentenced to fifteen (15) years imprisonment. This appeal from the denial of post-conviction relief presents two issues for our review, one of which compels us to reverse the judgment of the trial court and to order the Petitioner's guilty plea vacated.

On May 20, 1975, the State charged the Petitioner and two co-defendants with possession with the intent to deliver a controlled substance. Petitioner was subsequently arraigned, and a trial date was set. Thereafter, on May 10, 1977, additional counts II, III, IV, and V (dealing in marijuana and cocaine) were filed. On May 16, 1977, pursuant to a plea bargain agreement by which the State would dismiss counts I, II, III, and V if Petitioner pled guilty to Count IV, the Petitioner pled guilty to Count IV. On June 27, 1977, the Petitioner was sentenced to a fifteen (15) year term of imprisonment.

On April 21, 1980, Petitioner filed his petition for post-conviction relief, which the trial court denied, without a hearing, on September 2, 1980. A motion to correct errors filed on October 31, 1980 was taken under advisement. Thereafter, the Public Defender of Indiana requested permission to file a belated motion to correct errors. The request was granted, and said motion was filed on March 18, 1981. Hearings on the motion were held on April 14, 1982, July 12, 1982, and September 10, 1982. On February 8, 1983, the trial court denied the belated motion to correct errors, and Petitioner appeals from that denial, arguing that his guilty plea was not knowingly and intelligently entered because the trial court did not advise him at the time of his plea that it was not a party to any agreement between the prosecution and the defense and was not bound thereby as is required by Ind.Code § 35–4.1–1–3(e) (Burns 1979) [repealed 1982; for provision effective September 1, 1982, *see* Ind.Code § 35–35–1–2 (Burns Supp.1984)]. He also alleges that the trial court failed to determine whether he understood the nature of the charge against him and that he was denied the effective assistance of counsel. In view of our resolution of his first contention, we need not address the other alleged errors.

In *Williams v. State,* (1984) Ind., 468 N.E.2d 1036, 1037, we announced a new

rule for our review of cases in which the guilty plea was entered prior to December 3, 1981 and which involve alleged failures to give the proper advisements, as follows:

"A plea of guilty is an admission or confession of guilt made in court before a judge. It is also a waiver of specific constitutional rights. In *German v. State*, (1981) Ind., 428 N.E.2d 234, this Court held that a written plea agreement entered into beyond the sight and hearing of the court may not be considered an adequate substitute for specifically addressing the subject on so fundamental a matter as the concept of waiver. *German*, was decided December 3, 1981. However, the guilty plea hearing in the case at bar was held on December 4, 1979. Consequently, we will use the standard of review employed in *Neeley v. State*, (1978) 269 Ind. 588, 382 N.E.2d 714, and look to the entire record to determine if petitioner was fully advised of and understood his constitutional rights. *Cf. Turman v. State*, (1979) 271 Ind. 332, 392 N.E.2d 483."

Our holding in *Williams* was a departure from earlier cases, *see, e.g., Austin v. State*, (1984) Ind., 466 N.E.2d 445, on rehearing, 468 N.E.2d 1027; *Anderson v. State*, (1984) Ind., 465 N.E.2d 1101; *Carr v. State*, (1983) Ind., 455 N.E.2d 343; *Early v. State*, (1983) Ind., 454 N.E.2d 416, in which we applied the strict *German* standard of review to cases in which the pleas had in fact been entered prior to December 3, 1981, the date our decision therein was handed down. In *German*, while announcing the new inflexible rule, this court did not address the issue of whether it should be limited to prospective application. That issue is a separate and distinct one which was not considered by the court and resolved until the *Williams* case. The new strict rule was designed to require the making of clear and unmistakable record statements during guilty plea proceedings and to facilitate and expedite judicial review. Given those purposes and the legal character of the prior flexible standard, we determined in *Williams* to give prospective application only to the *German* holding.

We now reaffirm the rule announced in *Williams*. Consequently, inasmuch as Petitioner's guilty plea was entered in 1977, we must look to the entire record to determine whether he was advised that the court was not a party to any agreement between the prosecution and the defense and was not bound thereby. Applying this standard, it is clear that the court did not so advise Petitioner. There is nothing in the record of the guilty plea hearing or the sentencing hearing from which it can be determined that the Petitioner was properly advised. Although one of the co-defendants in this case had signed a written plea bargain agreement which included these words, "I fully understand that the court is not a party to, nor is it bound by this agreement[,]" no such signed plea bargain agreement exists for the Petitioner. We cannot presume that Petitioner was aware of this information from a silent record. *Carr v. State*, 455 N.E.2d at 345 and cases cited therein. Defendant has sustained his burden of proof, and we hold that his plea of guilty was not knowingly, intelligently and voluntarily entered.

This cause is remanded to the trial court with instructions to vacate the guilty plea.

GIVAN, C.J., and HUNTER and DeBRULER, JJ., concur.

PIVARNIK, J., dissents.