**James Edward PHARMS, Appellant (Defendant-Petitioner Below),**

v.

**STATE of Indiana, Appellee (Plaintiff-Respondent Below).**

**No. 3–1084A293PS.**

Court of Appeals of Indiana, Third District.

May 1, 1985.

James Edward Pharms, pro se.

Linley E. Pearson, Atty. Gen. of Ind., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Presiding Judge.

James Edward Pharms (Pharms) pled guilty in 1977 to one count of robbery. On belated appeal from denial of his petition for post-conviction relief he raises two issues:

(1) Whether the trial court was without jurisdiction to accept his plea of guilty because he was a juvenile; and

(2) Whether his plea of guilty was knowingly, intelligently, and voluntarily made.

Reversed and remanded.

The facts are not in dispute. In 1977, Pharms was indicted for felony-murder. At the time he was 15 years of age. Subsequently, the State amended the charging information to include the underlying charge of robbery. Pharms orally pled guilty to the robbery charge and was sentenced 10 to 25 years in prison. The State then dismissed the charge of murder.

Pharms filed a petition for post-conviction relief which was denied. Pharms was then granted permission to file a belated motion to correct errors, which was also denied and from this denial he appeals.

### I.

### Jurisdiction Over Guilty Plea

■ Pharms contends that the trial court lacked jurisdiction over his plea of guilty to the robbery charge because the State had not procured a waiver from juvenile court. Pharms concedes that no waiver of juvenile court jurisdiction was required for the felony-murder charge.

In *Snodgrass v. State* (1980), 273 Ind. 142, 402 N.E.2d 1235, on rehearing (1980), 273 Ind. 148, 406 N.E.2d 641, our Supreme Court held that the State need not procure a waiver on the underlying felony of a felony-murder charge. The Court noted that the underlying felony is a lesser-included offense of a felony-murder and the separate count of the felony adds nothing to the charge. 273 Ind. at 150, 406 N.E.2d at 643. The Court then held:

"Once jurisdiction properly vests in adult criminal court as to the charged

crime, whether by way of a statutory exception as in this case, or by way of a juvenile court's waiver, jurisdiction remains in adult court as to that charge and all lesser-included offenses."

273 Ind. at 153, 406 N.E.2d at 645.

Pharms attempts to distinguish *Snodgrass* on the basis that his case involves a guilty plea whereas *Snodgrass* dealt with a trial and jury verdict. However, the challenge here; as in *Snodgrass*, is to the charging procedure and not to the conviction. Pharms's contention is that the State was required to first obtain a waiver from juvenile court in order to charge him in adult court with the underlying felony of the felony-murder. *Snodgrass* clearly holds otherwise. The trial court properly had jurisdiction over Pharms's guilty plea in this case. *See Snodgrass, supra* at 154, 406 N.E.2d at 645.

### II.

### Advisement of Rights

■ Pharms contends that his guilty plea should be overturned because he was not properly advised of his rights under IC 1979, 35–4.1–1–3 (Burns Code Ed.) recodified at IC 1985, 35–35–1–2 (Burns Code Ed.).[1]

As Pharms entered his plea prior to our Supreme Court's decision in *German v. State* (1981), Ind., 428 N.E.2d 234, we must look to the entire record to determine whether Pharms was properly advised of and understood his constitutional rights. *Crocker v. State* (1985), Ind., 475 N.E.2d 686 (1985); *Williams v. State* (1984), Ind., 468 N.E.2d 1036, 1037.

Pharms contends that the trial court failed to advise him that the court was not party to the agreement and was not bound thereby. Appellant's brief at 4, 14–16; *see*

---

1. The State contends that Pharms has failed to properly preserve this issue on appeal. However, it is well settled that failure to properly advise a person pleading guilty of the rights he is waiving under IC 35–4.1–1–3 constitutes fundamental error and may therefore be raised for the first time on appeal. *Kidder v. State* (1983),

Ind.App., 456 N.E.2d 427, 428. *See also Austin v. State* (1984), Ind., 468 N.E.2d 1027, 1028, 1029. While Pharms did not raise the error in his petition for post-conviction relief or in his belated motion to correct errors, he has presented proper argument in this appellant's brief.

*also* IC 35–4.1–1–3(e). Pharms tendered his plea orally at a hearing before the trial judge. There is nothing in the record of that hearing to show that the trial court informed Pharms that it was not a party to the plea agreement. We cannot presume Pharms made his plea knowingly, intelligently, and voluntarily from a silent record. *Crocker, supra; Carr v. State* (1983), Ind., 455 N.E.2d 343, 355. Therefore, we must reverse with instructions to vacate Pharms's guilty plea and reinstate his plea of not guilty. *See Crocker, supra.*

Reversed and remanded.

ROBERTSON, J., (by designation) concurs.

GARRARD, J., dissents with opinion.

GARRARD, Judge, dissenting.

I agree with the majority's disposition of the jurisdictional issue concerning the robbery charge. In addition, I must agree that the Supreme Court's recent decision in *Crocker v. State* (1985), Ind., 475 N.E.2d 686 (1985) appears to constrain us to the majority's conclusion. There the court indicated it was following *Williams v. State* (1984), Ind., 468 N.E.2d 1036 concerning the review of guilty pleas and determined that it was necessary to vacate a guilty plea entered in 1977 because the court failed to advise Crocker that it was not bound by the terms of any plea bargain entered into.[1]

I feel it incumbent upon me to express the opposing view which, rather than searching for nuances between *Williams* and *German v. State* (1981), Ind., 428 N.E.2d 234, seeks recognition of a different principle.

Although debate continues,[2] the so-called orthodox rule of harmless error was stated as early as 1830. *Doe v. Tyler* (C.P.1830), 6 Bing. 561, 130 Eng.Rep. 1397. Concern

has focused not upon whether an error may be harmless, but when; and, thus, upon by what standard want of harm may be judged.

In *Chapman v. California* (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, the Supreme Court determined that federal constitutional error might be harmless, rejected the earlier "reasonable possibility" test of *Fahy v. Connecticut* (1963), 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171, and ruled that to be held harmless the reviewing court must be able to declare a belief that the error was harmless beyond a reasonable doubt. 386 U.S. at 24, 87 S.Ct. at 828.

In *Greer v. State* (1969), 252 Ind. 20, 245 N.E.2d 158 Indiana applied the *Chapman* test to federal constitutional errors. It acknowledged *Chapman* in *Dickerson v. State* (1972), 257 Ind. 562, 276 N.E.2d 845 stating that when a constitutional error has been committed a *rebuttable* presumption of prejudice arises and the burden is on the state to demonstrate that the accused was in no way prejudiced thereby. 276 N.E.2d at 851. *Greer* also cited as authority *Harris v. State* (1968), 249 Ind. 681, 231 N.E.2d 800, wherein the court had stated,

"It is clear, therefore, that the Indiana cases, and the cases from other states and from the Supreme Court of the United States, encourage and support our holding that constitutional error is not reversible error where the state bears the burden of demonstrating that the accused was in no way prejudiced by such error."

231 N.E.2d at 806.

Assuming that *Chapman* still accurately represents the federal rule (*compare, e.g. Brown v. United States* (1973), 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208); assuming that Indiana would elect the strictness

---

1. Arguably, the court determined that whether or not the trial court actually accepted the plea agreement was immaterial since it found it unnecessary to discuss that circumstance in the opinion. On the other hand, it may be urged that the court neither considered nor passed upon the question now raised.

2. *See, e.g.,* Traynor: The Riddle of Harmless Error. Law Forum Series of the College of Law of Ohio State University, No. 7 (1970).

of the *Chapman* standard in viewing questions of state constitutional error; and assuming that advisement of the court's status in a plea agreement is of constitutional dimension, it seems clear that under the circumstances of the given case such error may nevertheless be harmless.

In *DeVillez v. State* (1981), 275 Ind. 263, 416 N.E.2d 846, 848 our Supreme Court considered IC 35–4.1–1–3(e) [repealed] under which Pharms appeals and concluded,

"The objective of subsection (e) is fairness to the accused. This objective is sought by portraying the role of the court as being independent of the plea agreement and by insuring that the acceptance of the plea and the sentence received are within the expectations of the accused."

The record before us discloses that after the jury had been impaneled to try Pharms, and as a result of a plea agreement, he pled guilty to the robbery count and the state nolle prossed the murder count. The parties are agreed that the court in fact accepted the plea bargain and sentenced Pharms accordingly. He received exactly what he had bargained for.

Under these circumstances, and regardless of the problems that may exist when an appellate court attempts to gauge the impact of an error upon a jury, it may be stated with conviction that the trial court's error in failing to advise Pharms that the judge was not bound by the plea agreement was harmless beyond a reasonable doubt.

For that reason the denial of post-conviction relief should be affirmed.