**James Edward PHARMS, Appellant (Defendant-Petitioner Below),**

v.

**STATE of Indiana, Appellee (Plaintiff-Respondent Below).**

No. 3–1084A293PS.

Court of Appeals of Indiana, Third District.

June 20, 1985.

James Edward Pharms, pro se.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for plaintiff-respondent.

STATON, Presiding Judge.

## ON PETITION FOR REHEARING

In *Pharms v. State* (1985), Ind.App., 477 N.E.2d 334, Garrard, J. dissenting, we reversed the guilty plea of James Edward Pharms as being involuntarily made. The State now petitions for rehearing and raises the following issues:

(1) Whether Pharms had sufficient advisement on the record as a whole that the trial court was not a party to the plea agreement; and

(2) Whether the failure to so advise was harmless error.

Petition denied.

### I.

#### Advisement

■ The State cites *DeVillez v. State* (1981), 275 Ind. 263, 416 N.E.2d 846, as controlling authority for what is sufficient advisement on the record that the trial court is not a party to the agreement. In *DeVillez* the trial court advised the defendant that the court retained discretionary power in sentencing. 265 Ind. at 266, 416 N.E.2d at 848. In Pharms's case the trial court simply repeated all terms of the plea agreement including sentencing. *Record* at 109. The trial court in *DeVillez* affirmatively demonstrated that acceptance of the plea was tentative and ineffective by the court without further proceedings by the court. *Johnson v. State* (1983), Ind., 457 N.E.2d 196, 199. There was no indication by the trial court in Pharms's case that the acceptance of his guilty plea was tentative and ineffective without further proceedings. The trial court, by simply repeating the terms of the guilty plea in its advisement, appeared to accept the plea agreement from the outset. The case of *Crocker v. State* (1985), Ind., 475 N.E.2d 686, 688, is controlling as the record is silent in any advisement of Pharms of the trial court's tentative and ineffective acceptance of his guilty plea.

### II.

#### Harmless Error

■ The State contends that we should adopt the dissenting opinion's argument that the lack of advisement is harmless error. However, as the dissent correctly pointed out, when there is constitutional error a rebuttable presumption of prejudice arises, and the burden is on the State to prove beyond a reasonable doubt that there is no prejudice. *Dickerson v. State* (1972), 257 Ind. 562, 572, 276 N.E.2d 845, 851. The State in Pharms's case did not attempt to rebut the presumption of prejudice on appeal. Therefore, the State did not carry its burden of proof.

The State's petition for rehearing is denied.

ROBERTSON, J. (by designation), concurs.

GARRARD, J., dissents without Opinion and would grant the Petition for Rehearing.