Samuel Lee **GRAY**, Appellant
(Petitioner Below),

v.

**STATE of Indiana, Appellee**
(Respondent Below).

No. 2–184–A–22.

Court of Appeals of Indiana,
Second District.

Aug. 5, 1985.
Rehearing Denied Sept. 6, 1985.

Susan K. Carpenter, Public Defender, Rick Ranucci, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Justice.

Samuel Lee Gray (Gray) appeals the denial of his petition for post-conviction relief, challenging the trial court's failure to per-sonally advise Gray pursuant to I.C. 35–4.-1–1–3.[1]

On September 12, 1979, Gray was charged by information with robbery as a class B felony. On October 24, 1980, Gray and the prosecutor entered into a plea agreement in which Gray agreed to plead guilty to robbery as a class C felony in exchange for the prosecutor's recommendation that Gray receive a five (5) year executed sentence. On that date also, the written plea agreement was presented to the trial judge who took the matter under advisement after extensively questioning Gray. The trial judge thereafter accepted Gray's plea of guilty and on November 14, 1980, sentenced Gray in accordance with the terms of the plea agreement. After a hearing, Gray's petition for post-conviction relief was denied on October 14, 1983.

Gray presents one issue on appeal. He contends that his plea was not knowing, intelligent and voluntary because the trial judge did not adhere strictly to the requirements of I.C. 35–4.1–1–3. Gray specifically argues that the trial judge did not personally advise Gray

(1) That the trial court is not a party to, nor bound by, any plea agreement, and

(2) That Gray's prior convictions could result in an enhanced sentence.

The State admits Gray was not personally advised that the trial court was not bound by the plea agreement but contends such advisement was not required. The State argues that pursuant to I.C. 35–5–6–2,[2] the trial court is bound by the terms of the plea agreement, if accepted, and that an advisement to the contrary is superfluous. The State thus contends that I.C. 35–5–6–2 by implication repealed I.C. 35–4.-1–1–3(e) which requires the advisement. In support, the State proffers a redacted version of footnote 3 [3] of this court's opinion in

1. Repealed September 1, 1982; for provision effective September 1, 1982, *see* I.C. 35–35–1–1 to 35–35–1–4 (Burns Code Ed.Repl.1985).

2. Repealed September 1, 1982; for provision effective September 1, 1982, *see* I.C. 35–35–3–1 to 35–35–3–4 (Burns Code Ed.Repl.1985).

3. The full text of footnote 3 is as follows:

*Elmore v. State* (1978) 176 Ind.App. 306, 375 N.E.2d 660, 662, *rev'd upon other grounds* (1978) 269 Ind. 532, 382 N.E.2d 893. In its opinion, our Supreme Court specifically adopted portions of the Court of Appeals opinion, including footnote 3.

 A close reading of footnote 3 suggests that this court reconciled the apparently inconsistent statutory provisions by determining that I.C. 35–5–6–2 is operative *after* the trial judge accepts the defendant's guilty plea. The advisement enumerated in I.C. 35–4.1–1–3(e) would still be required to advise the defendant that receipt or "acceptance" of the plea agreement does not bind the trial judge to accept the defendant's guilty plea. We therefore do not agree that *Elmore, supra,* stands for the proposition that the advisement in I.C. 35–4.1–1–3(e) is mere surplusage. Our conclusion is supported by those decisions, subsequent to *Elmore,* which held that strict compliance with I.C. 35–4.1–1–3 is required. *See, e.g., Hayenga v. State* (1984) Ind., 463 N.E.2d 1383; *Johnson v. State* (1983) Ind., 457 N.E.2d 196; *DeVillez v. State* (1981) 275 Ind. 263, 416 N.E.2d 846.

In *German v. State* (1981) Ind., 428 N.E.2d 234, our Supreme Court held that strict compliance with I.C. 35–4.1–1–3 could only be accomplished by requiring the trial court to personally address the defendant at the guilty plea hearing and informing him that by pleading guilty he was waiving certain rights. 428 N.E.2d at 236–237. This was the applicable law at the time Gray initiated this appeal and the parties drafted their briefs accordingly.

Since that time, however, our Supreme Court limited *German's* application to guilty pleas entered after the date of that court's decision in *German, supra,* December 3, 1981. *See Williams v. State* (1984) Ind., 468 N.E.2d 1036. The new rule announced in *Williams* was thereafter reaffirmed in *Crocker v. State* (1985) Ind., 475 N.E.2d 686, and in *Underhill v. State* (1985) Ind., 477 N.E.2d 284. These last two cases do not refer to *Johnson v. State* (1984) Ind., 471 N.E.2d 1107, which held to the contrary. *Johnson* has been discredited if not overruled. *See Martin v. State,* (1985) Ind., 480 N.E.2d 543, and *Martin v. State,* (1985) Ind., 480 N.E.2d 548.

 Thus Gray is entitled to the relief sought if a review of the entire record indicates that the trial court did not properly advise Gray. On October 24, 1980, the written plea agreement between Gray and the State was filed before the trial judge. A written plea agreement, acknowledged and understood by the defendant, may be considered by the trial court as evidence that the defendant received the proper advisements. *See Clark v. State* (1978) 270 Ind. 104, 383 N.E.2d 321. *Accord Crocker, supra,* 475 N.E.2d 686. Paragraph 2 of the plea agreement provided that:

> "Defendant enters this agreement, knowing that the Court is under no obligation to abide by the plea agreement submitted...." Record at 35.

At the guilty plea hearing, Gray admitted that he read, understood and signed the plea agreement. In addition, Gray testified that he had attended the eleventh (11th)

"Other sections of Chapter 35–4.1–1 also provide the procedures for arraignment and plea as well as providing for withdrawal of guilty pleas. None of these statutes expressly requires the court to accept a guilty plea. It is also to be noted that § 35–4.1–1–3 was enacted in 1973, while the plea bargaining statute, chapter 35–5–6, quoted in note 2, became effective in 1975 and repeals by implication any provisions of the earlier statute which are inconsistent with the latter, e.g., if a plea bargain recommendation has been put into writing and accepted by the court pursuant to § 35–5–6–2 'it shall be bound by its terms' and thus it should not inform the defendant pursuant to § 35–4.1–1–3(e) 'that if it accepts the guilty plea the court is not bound by defendant's agreement with the prosecutor.' Obviously, however, all pertinent statutes must be read together and interpreted consistently with case law. Thus § 35–5–6–2(b) does not mean that the court's acceptance of the prosecutor's written recommendations binds him to accept defendant's guilty plea. The court must still satisfy himself that there is a factual basis for the defendant's offer to plead guilty and that it is freely, knowingly, and voluntarily offered and must cause the proceeding at which that determination is made to be recorded and transcribed pursuant to Criminal Rule 10." 375 N.E.2d at 662.

grade of school and could read, write and understand the English language. We find that the language in the plea agreement was sufficient to inform the defendant that prior to formal acceptance by the Court, "The plea is considered tentative and ineffective without further proceedings by the court, even though its terms have been openly agreed to by the defense and the prosecution...." *DeVillez, supra,* 416 N.E.2d at 848.

■ We nevertheless conclude that Gray's guilty plea must be set aside since Gray was not informed that his prior convictions could result in an enhanced sentence.[1] The State concedes that Gray was not so advised in the plea agreement, guilty plea proceeding or at the sentencing hearing. The State argues, however, that Gray has waived consideration of this issue, that the trial court's advisement on the range of sentencing was sufficient and alternatively urges us to hold this failure to advise was harmless error.

This court has previously held that a guilty plea entered without benefit of the requisite advisements is not entered knowingly, intelligently and voluntarily and that such failure to comply with I.C. 35–4.1–1–3 is fundamental error. *Turman v. State* (1983) 4th Dist., Ind.App., 455 N.E.2d 630 (error not specifically alleged but apparent on the face of the record); *Brown v. State* (1982) 4th Dist., Ind.App., 435 N.E.2d 582 (error alleged for the first time on appeal); *Brunson v. State* (1979) 3d Dist., 182 Ind. App. 146, 394 N.E.2d 229 (error raised on appeal).

■ We decline to adopt the State's position that a defendant who receives the sentence bargained for cannot be heard to complain about the circumstances surrounding his plea of guilty. The objective of the advisements is not to insure that the defendant receives the benefit of his bargain but rather to insure that the defendant's admission of guilt is given with full knowledge of the consequences of such admission. *See German, supra,* 428 N.E.2d 234.

■ Similarly unavailing is the State's contention that informing the defendant of the range of sentences available satisfied the trial court's duty to inform Gray that his prior convictions could result in an enhanced sentence. This same argument was advanced and rejected in *Bates v. State* (1984) Ind., 465 N.E.2d 726. There our Supreme Court held that "this obligation is not satisfied when a defendant is informed of the range of sentences available for the offense and of the fact that the sentencing choice might be influenced by aggravating or mitigating circumstances." 465 N.E.2d at 727. *See also Linthicum v. State* (1984) Ind., 465 N.E.2d 701.

For the foregoing reasons, we conclude that the trial court's failure to inform Gray that prior convictions could increase his sentence vitiates Gray's guilty plea, and we remand this case to the trial court with instructions to permit Gray to withdraw his plea of guilty.

MILLER (participating by designation) and SHIELDS, JJ., concur.