Alvin McNARY, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 71A03–8601–PC–1.

Court of Appeals of Indiana,
Third District.

June 16, 1986.

Susan K. Carpenter, Public Defender, Michael Hunter Freese, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Indianapolis, for appellee.

STATON, Presiding Judge.

On December 11, 1980, when Alvin McNary (McNary) was seventeen years old, he plead guilty to Burglary, a Class B felony. The trial court sentenced McNary to a term of ten years in prison, such sentence to be served consecutively to one he received for another conviction. In 1985, McNary's *pro se* petition for post-conviction relief was denied, and this appeal follows. The sole issue on appeal is whether his guilty plea was knowingly and intelligently made.

Reversed and remanded with instructions.

## I.

### Applicable Law

We must begin our review by focusing on the controlling statute at the time McNary entered his guilty plea. West's AIC 35–4.1–1–3 (1978) (superseded by West's AIC 35–35–1–2, effective September 1, 1982) provided that, in relevant part:

The court shall not accept a plea of guilty from the defendant without first addressing the defendant and...

(d) informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions and of any possibility of the imposition of consecutive sentences...

In determining whether the proper advisements were made, we look to *Crocker v. State* (1985), Ind., 475 N.E.2d 686, for guidance. In that case, the Indiana Supreme Court reaffirmed the distinction between the standard of review applied to guilty pleas entered before and after December 3, 1981. On that date, *German v. State* (1981), Ind., 428 N.E.2d 234, *reh. den.*, was decided. *German* requires a clear and unmistakable record of guilty plea proceedings so that a reviewing court can ascertain whether a defendant was properly advised. For guilty pleas made before *German*, the reviewing court will look to the entire record to determine whether the defendant understood his rights and was properly informed. *Williams v. State* (1984), Ind., 468 N.E.2d 1036. Since McNary's plea was pre-*German*, we must look to the entire record to make our determination.

## II.

### Guilty Plea

At the time McNary committed the instant burglary and when the trial court accepted his guilty plea, he was also facing charges of robbery, a class A felony and theft, a class D felony. During the guilty plea proceedings, the impact of those criminal allegations on McNary's eligibility for probation were discussed. The trial court made it clear to McNary that the decision regarding probation belonged to the trial judge alone, and it would not be made until a presentence report and any recommendations were received. Too, the trial court pointed out to McNary that it was not a party to any plea bargain agreement (in fact there was no plea agreement), there-

fore "... you take your chances with me [the trial judge] as to what the penalty will be." (R. 27). Following a long explanation of McNary's constitutional rights, the trial court accepted his guilty plea.

McNary's argument that his guilty plea was not knowingly made is twofold. He contends that since he was not informed at the time his guilty plea was accepted that there was a possibility of consecutive sentences, and that because he was not told that prior convictions may cause his sentence to be increased, his guilty plea was erroneously accepted by the trial court. We agree.

█ This court has repeatedly held the trial court was obligated to strictly comply with IC 35–4.1–1–3, which requires the trial judge to personally inform the defendant about the consequences of his guilty plea. *Hennings v. State* (1984), Ind.App., 465 N.E.2d 1142 (Staton, P.J., dissenting on other grounds); *Kidder v. State* (1983), Ind.App., 456 N.E.2d 427. Too, the timing of this advisement is a critical factor. In order for a guilty plea to be knowingly and intelligently entered, the defendant must be informed and understand what he is doing at that time. *Joshua v. State* (1983), Ind.App., 452 N.E.2d 463, *trans. den.* (Staton, P.J., concurring). As expressed in *Collins v. State* (1979), 182 Ind.App. 95, 394 N.E.2d 211, *reh. den.*:

> A determination of voluntariness can be meaningful only if it is made *before* the plea is entered and accepted. A guilty plea is a "grave and solemn act" and should be accepted only when the defendant has a "sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States,* (1970) 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747. The acceptance of a guilty plea demands the utmost solicitude of which courts are capable...." *Boykin v. Alabama,* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. We can stress the importance of a guilty plea and the need for a timely, full advisement and determination of voluntariness no more eloquently than Justice Hunter:

> Only when the defendant is seriously considering entering a guilty plea will the advisement be meaningful to him and for the trial judge in determining an intentional and intelligent waiver of known rights. This is not an undue burden to place upon the trial court. The defendant is on the verge of committing years of his life to confinement. The little time necessary for the trial judge to advise the defendant *at the time of his plea* is a modicum relative to the significant consequences to a defendant.

*Maleck v. State,* (1976) 265 Ind. 604, 358 N.E.2d 116, 118 (emphasis in original).

█ Although in the instant case McNary's other arrests were discussed during the guilty plea proceedings, they were addressed only with regard to probation. No mention of how those offenses may affect the sentence imposed for the guilty plea being tendered was made, save for the trial judge's remark that, "... you [McNary] take your chances with me as to what the penalty will be." (R. 27). We are not of the opinion that such a statement was sufficient to appraise McNary of the sentencing possibilities he would face as a result of his guilty plea. We also reject the State's argument that we should look to the sentencing hearing, held one month after the guilty plea was accepted, to determine whether McNary was properly informed. *Collins, supra.*

We, therefore, reverse the denial of post-conviction relief and remand with instructions to vacate McNary's guilty plea.

GARRARD, J., concurs.

HOFFMAN, J., concurs in result.