## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 09 2019, 10:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan Shipley
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bradley Kay, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | December 9, 2019 <br><br> Court of Appeals Case No. <br> 19A-CR-1523 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Barbara Crawford, Judge <br><br> Trial Court Cause No. <br> 49G01-0111-CF-217377 |

**Crone, Judge.**

# Case Summary

Bradley Kay appeals the revocation of his community corrections and probation placements, asserting that he was denied fundamental due process at his revocation hearing because the trial court did not ensure that he was advised of the rights he was forfeiting before he admitted to committing a violation of the terms of his placements. We agree and therefore reverse and remand for a new hearing.

# Facts and Procedural History

In September 2001, Kay went to Payroll Check Cashing and attempted to cash a check in his name from Knight Transportation Administrative Services. However, Kay had never worked for Knight Transportation and was not due any type of financial compensation from it. In November 2001, the State charged Kay with class C felony forgery and class D felony forgery. In March 2003, pursuant to a plea agreement, Kay pled guilty to the class C felony. In April 2003, the trial court sentenced Kay to eight years, with three years to be served on community corrections and five years suspended, with three of those years to be served on probation.

In September 2003, the State filed a notice of community corrections violation alleging that Kay had left the community corrections residential facility on a job search and failed to return. In October 2003, the State filed a notice of probation violation based on the same allegation. A warrant was issued for Kay's arrest.

[4]	In May 2019, Kay was arrested.  On May 30, 2019, the trial court held a hearing on the community corrections and probation violations.  At the beginning of the hearing, Kay requested a public defender, and the trial court determined that he was indigent and appointed a public defender to represent him.  Kay's appointed counsel received copies of the notices of violation, and the trial court read the allegation on the record.  Then, the trial court discussed Kay's credit time with the representatives from community corrections and the probation department and asked them what they would like to see as a sanction for the violation, and each recommended revocation.

[5]	The trial court asked Kay's counsel for comment, and he informed the trial court that Kay would like to make a statement.  The trial court said, "Okay, I have already sworn you in; where have you been for sixteen (16) years?"  Tr. Vol. 2 at 7.  Kay replied that he had been in Colorado and Wyoming.  The trial court asked Kay if he left the community corrections facility and never came back.  Kay answered affirmatively, apologized for his actions, and noted that he had turned himself in and had not been arrested or convicted of anything since he left.  The trial court then informed Kay that it was finding a violation. The trial court revoked Kay's community corrections placement and ordered him to serve the remainder of the three-year sentence in the Department of Correction. The trial court also revoked Kay's probation and ordered him to serve one year in community corrections and four years suspended to probation.  This appeal ensued.

# Discussion and Decision

[6] Kay argues that the trial court did not ensure that he was advised of the rights he was forfeiting before he admitted to violating the terms of his placements, resulting in fundamental error and requiring reversal and a new hearing. The State agrees.

[7] Before a defendant's probation or community corrections placement is revoked, the defendant must be afforded certain due process protections. See *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999) ("We hold that the due process requirements expressed by this court for probation revocations are also required when the trial court revokes a defendant's placement in a community corrections program."). These due process rights are codified in Indiana Code Section 35-38-2-3, which provides in relevant part,

> (e) A person may admit to a violation of probation and waive the right to a probation violation hearing after being offered the opportunity to consult with an attorney. If the person admits to a violation and requests to waive the probation violation hearing, the probation officer shall advise the person that by waiving the right to a probation violation hearing the person forfeits the rights provided in subsection (f)....

> (f) Except as provided in subsection (e), the state must prove the violation by a preponderance of the evidence. The evidence shall be presented in open court. The person is entitled to confrontation, cross-examination, and representation by counsel.

[8] In *Hilligoss v. State*, 45 N.E.3d 1228 (Ind. Ct. App. 2015), another panel of this court addressed the same claim Kay raises. There, as here, the defendant had

not been advised of the due process rights he was forfeiting as required by subsection (e). In reviewing his claim of fundamental error, the *Hilligoss* court reasoned as follows:

> Indiana's courts have recognized fundamental error in the context of probation revocation proceedings before. For example, it is well settled that the failure to hold an evidentiary hearing on an alleged probation violation denies a probationer his due process rights and constitutes fundamental error. [*Dalton v. State*, 560 N.E.2d 558, 560 (Ind. Ct. App. 1990)]. Indeed, "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." [*Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)]. Further, "a probationer's admission that he violated the terms of probation does not entitle him to less due process than a probationer who contests the asserted violations." *United States v. Holland*, 850 F.2d 1048, 1051 (5th Cir. 1988).
>
> …. [T]he statutory advisements applicable here insure that a probationer's admission "is given with full knowledge of the consequences of such admission." *Gray v. State*, 481 N.E.2d 158, 161 (Ind. Ct. App. 1985).

*Id*. at 1231-32. Accordingly, the *Hilligoss* court held that "a trial court's failure to ensure that a probationer who admits to a probation violation has received the advisements as required under Indiana Code Section 35-38-2-3(e) constitutes a fundamental violation of the probationer's due process rights." *Id*. at 1232.

[9] We agree with the reasoning in *Hilligoss*. Here, there is no dispute that Kay was not advised of the rights he was forfeiting before he admitted to violating the

terms of his placements.[1]  The trial court's failure to ensure that Kay was advised as required by Section 35-38-2-3(e) constitutes fundamental error, and therefore we reverse the revocation of Kay's alternative placements and remand for a new hearing.[2]

[10]  Reversed and remanded.

May, J., and Pyle, J., concur.

---

[1] The State does not suggest that the statutory requirement that the "probation officer shall advise" the person of the rights being forfeited by admitting a violation relieved the trial court of its responsibility to ensure that Kay was aware of his rights.

[2] Because we are remanding for a new hearing, we need not address Kay's argument that he was denied his right to allocution.